.[Pratt Coal and Iron Co. v. Davis & Davis.]

# Pratt Coal and Iron Co. *v.* Davis & Davis.

*Action against Railroad Company, for Injuries to Horse.*

1. *Duty of railroad company, as to condition of track and approaches thereto.*—A railroad company is required to keep its track and the approaches thereto, at public crossings, in good repair; but, with this ex-

[Pratt Coal and Iron Co. v. Davis & Davis.]

ception, the track is private property, and its use by private persons is governed by the same principles which apply to the property of private persons.

2. *Same; liability for injuries to horse at crossing.*—A railroad company is not liable for injuries to a horse caused by its foot being caught between a projecting spike and one of the iron rails of the track, at a private crossing erected by third persons, which is not shown to have ever been used or repaired by the railroad company, nor to have been serviceable to it in any way.

APPEAL from the City Court of Birmingham.

Tried before the Hon. H. A. SHARPE.

This action was brought by Davis & Davis, suing as partners, against the appellant, a private corporation, owning and operating a railroad between its mines and the city of Birmingham, to recover damages for the loss of a horse, which was killed at a crossing on the defendant's track, just outside the corporate limits of Birmingham; and was commenced on the 25th May, 1885. There was a demurrer to the complaint, which was overruled; and a jury being waived, the cause was submitted to the court for decision. It was proved, as the bill of exceptions states, that the accident occurred in May, 1885, at a crossing on the defendant's railroad track, outside the limits of the city of Birmingham, while one of the plaintiffs was driving the horse in a buggy; that one foot of the horse was caught between the iron rail of the track and a projecting spike, which extended above the cross-tie, or timber in which it was driven, from an inch to an inch and a half, and was held so firmly that the horse was thrown forward, and received injuries from which it died in a few minutes. As to the place at which the accident occurred, it was shown that the defendant's road was, at that point, on an embankment about five feet high; and at the crossing, on each side, approaches to it had been thrown up from the ground. The dirt road had the appearance of being much travelled, and had been used between twelve and fifteen months. Two of the streets of Birmingham converged to the crossing, and again diverged beyond it. Several witnesses for the plaintiff testified, "that said crossing was put in like a public crossing, except that the planks were not as long or as thick as those used by railroads at public crossings; but there was no evidence introduced tending to show that either the county or the city had established a public crossing at that point." A witness for the defendant testified, that the crossing was put in by one Henry Harris; "and there was no evidence in conflict with this witness, as to this point." A witness for the defendant, who was the section-boss of the railroad at that point, "testified, that said crossing had never been recognized by the defendant as a public crossing, and he had never himself recognized it as such since he had been

section-boss; that the defendant had never kept up said crossing, nor done any work on it as a crossing, since he had been on the road there. The roads leading to the crossing passed over private property; and no witness had ever seen the defendant, the county, or the city, working on said crossing, or on the roads leading thereto. The defendant's evidence tended to show, also, that said crossing, and the roads leading to it on each side, did not approach any of the defendant's depots, and that said crossing was not at all for the benefit of the defendant." On all the evidence adduced, the court rendered judgment for the plaintiff; and this judgment is now assigned as error, together with several rulings on evidence to which exceptions were reserved, but which require no special notice.

HEWITT, WALKER & PORTER, for the appellant.—There is no dispute, in this case, as to the extent of the duty of a railroad company to keep its track and the approaches thereto, at a public road crossing, in reasonably good and safe condition for passage by the public; and the record does not present any phase of that question. Here, the crossing was erected by a private person, for private convenience; no public road had had ever been established at that point; the defendant had not assumed any obligation as to the condition or use of the crossing, nor can any obligation be implied from its permissive use without objection.—*Missouri Railroad Co. v. Long*, 6 Amer. & Eng. R. R. Cases, 254; *Memphis & Charleston Railroad Co. v. Lyon*, 62 Ala. 74; 40 Amer. Rep. 664; Cooley on Torts, 606; *Sweeny v. Railroad Co.*, 10 Allen, 372; 7 Hurls. & Nor. 741; *Frost v. Railway Co.*, 10 Allen, 387; *Hargraves v. Deacon*, 25 Mich. 1; *Railroad Co. v. Bingham*, 29 Ohio, 364; *Severy v. Nickerson*, 120 Mass. 306; *Nicholson v. Erie Railway*, 41 N. Y. 525; 97 Eng. Com. Law, 731.

LANE & TALIAFERRO, *contra*. (No brief on file.)

STONE, C. J.—The sum of the facts in this case is, that the appellant corporation owns and operates a railroad from its works in the county, to the city of Birmingham. As it nears the corporate limits of the city, it runs on an embankment five feet high; and at this point the injury complained of was suffered. Crossing the track and adjacent lands at this place, there was no public highway, either by order of the court of County Commissioners, or by prescription or long usage. On either side of the track, the property was owned by private individuals. The railroad had been in operation about three years; and when located and constructed, there was no road, either public or private, at the place. About

[Pratt Coal and Iron Co. v. Davis & Davis.]

twelve or fifteen months before the injury, some person, not connected with the railroad, nor in its employ, constructed approaches by which to cross the railroad track, and had laid some planks; but they were thinner and shorter than such timbers usually are, when laid by railroads. After the approaches had been thus constructed, the crossing was frequently used by the public; but no repairs had been put upon it by the railroad company. There was no testimony that the crossing was of any service to the railroad company, nor was it shown whether the company had ever sanctioned or forbidden its use. The plaintiff, while attempting to cross the track at that place, had his horse's foot caught between a projecting spike and one of the rails of the track, and the horse was thereby thrown and killed. Whether, under these circumstances, the railroad company is liable for the injury, is the sole question in this cause.

It can not be denied, that railroad companies are required to keep the approaches to their track, and the track itself, at public crossings, in good repair.—*S. & N. Ala. R. R. Co. v. McLendon*, 63 Ala. 266. With this exception, however, the track is as much the private property of the railroad company, as is the freehold of a mere private citizen. It is no more a public highway, than is the uninclosed domain of the private landholder. No one, not travelling on the train, has a right to be upon it, at points other than the highway crossings, except by permission, express or implied.—*Tanner v. L. & N. R. R. Co.*, 60 Ala. 621. Applying this principle to this case, the railroad company owed no higher duty to the plaintiff, in reference to this crossing, than did the co-terminous land proprietors, over whose soil this pass-way—private pass-way—had been silently permitted to be used. Whoever avails himself of such tacit permission, accepts it as he finds it, with the limitation, that no man is permitted to set man-traps and pitfalls, as a means of annoying or injuring another.—*M. & E. R. R. Co. v. Thompson*, 77 Ala. 448; *Mo. R. R. Co. v. Long*, 6 Amer. & Eng. R. R. Cas. 254; *Cauley v. P. C. & St. L. Ry. Co.*, 40 Amer. Rep. 664; *Severy v. Nickerson*, 120 Mass. 306; *Hargraves v. Deacon*, 25 Mich. 1.

The plaintiffs showed no right of recovery, and the City Court erred in the judgment rendered.

Reversed and here rendered, giving judgment that defendant go hence without day, and recover costs in the court below, and in this court.