[Memphis & Charleston R. R. Co. v. Womack, Adm'rx.]

# Memphis & Charleston Railroad Co. v. Womack, Adm'rx.

*Action for Damages against Railroad Company by Administratrix of Person Killed.*

1. *Declaration not admissible as part of res gestæ.*—Plaintiff's intestate having been run over and killed by a train of cars belonging to defendant, the declaration of one of the train-men, on the stoppage of the train immediately after the accident, "*We have run over a man, and killed him dead as hell*," is not admissible evidence for the plaintiff as a part of the *res gestæ.*

2. *Custom as to use of railroad track by pedestrians.*—Since railroad companies can not, in the absence of statutory provisions, prevent the use of their track by pedestrians, evidence of a custom on the part of pedestrians to walk on the track is not admissible as evidence against the railroad company, in an action to recover damages for the death of a person who was killed while on the track.

3. *Diligence required of railroad company, towards trespassers on track.* Except at public crossings, and within the limits of cities or towns, a railroad company is under no obligation to maintain a special lookout for intruders or trespassers on its track, and is only bound to the exercise of reasonable diligence after they are or ought to be discovered. (STONE, C. J., dissenting.)

4. *Contributory negligence, as affected by intoxication.*—A trespasser on a railroad track in a short curve, where he could not be seen in time to stop an approaching train, is guilty of contributory negligence; and the fact that he was intoxicated does not relieve him of the charge, when it was not known to the persons in charge of the train.

5. *Verdict of coroner's jury as evidence.*—The verdict of the coroner's jury, finding that the deceased was accidentally killed by one of the defendant's trains, is not admissible as evidence for the defendant in an action to recover damages for the killing.

6. *Marriage of plaintiff administratrix.*—The marriage of a sole plaintiff, suing as administratrix, is not the subject of a plea against the further continuance of the suit; but the action should not be allowed to proceed, unless her husband is joined with her as co-plaintiff.

APPEAL from Jackson Circuit Court.

Tried before Hon. H. C. SPEAKE.

This suit was brought against the railroad company by Martha Compton, as administratrix of her husband, Charles Compton, who was run over and killed by a train of cars on defendant's road. During the pendency of the suit plaintiff married one Womack, and on suggestion of this fact to the court, the suit was ordered to proceed in the name of Martha *Womack*, Adm'rx, &c. Defendant set up by plea this marriage as a bar to the continuance of the suit, to which plea a demurrer was sustained. One of plaintiff's witnesses testi-

fied, against defendant's objection, that after the killing and stoppage of the train, she overheard one of the train-men say, "We have run over a man, and killed him dead as hell." The court excluded evidence of the verdict of the coroner's jury, that the deceased was accidentally run over and killed by the defendant's train of cars.

HUMES, WALKER, SHEFFEY & GORDON, for appellant.

BROWN, BRICKELL & HUNT, *contra*.

CLOPTON, J.—The declaration of one of the train-men, testified to by the witness Larkin, should have been excluded on the authority of the following cases: *Ala. Gr. So. R. R. Co. v. Hawk*, 72 Ala. 112; *Tanner v. L. & N. R. R. Co.*, 60 Ala. 621. The declaration was not sufficently connected with the main fact, or cotemporaneous therewith, to constitute a part of the *res gestæ*. Without serving to explain or elucidate its character, it was merely a heartless narration of a transaction really and substantially past, only tending to prejudice the minds of the jury, and which should not, and does not bind the defendant.

It is the settled doctrine in this State, supported by the great weight of authority in England and America, that ordinarily the right-of-way of a railroad company is its exclusive property. Its free and unobstructed use is essential to the transaction of the business of the company in transporting freight and passengers, and to the safety of its trains. Mere acquiescence in the use of such right-of-way does not confer on the public a right to use it, nor create any obligation to look out for persons using it, other than the general duty of lookout for obstructions. In the absence of law, making such acts punishable, railway companies are powerless to prevent such use of their tracks. Under the conditions in which they are situated physical prevention is impracticable, and acquiescence is morally compulsory. Mere acquiescence, under such circumstances, is not permission. *Pratt C. & I. Co. v. Davis*, 79 Ala. 308; *Frazer v. So. & No. Ala. R. R. Co.*, 81 Ala. 185; *Tanner v. L. & N. R. R. Co.*, *supra*. The evidence of the custom of persons to walk on the track was calculated to mislead the jury by inducing the inference, that the defendant owed deceased a greater and other duty at the place of the accident because of such cus-

tom, than to intruders at other places not so used. It should have been excluded.

As the judgment must be reversed, and only two inquiries are involved, a consideration and discussion in detail of the charges given and refused by the court would be an unnecessary and tedious extension of this opinion. It will better suffice the purposes of another trial, and a correct determination of the case, to state the principles of law, which are applicable and should govern its decision, on the undisputed facts, and the tendencies of the evidence as to any facts controverted. The following facts cannot be disputed: The deceased left Larkinsville about sundown, intoxicated, to go home about half a mile distant; there was a dirt road running parallel with the railroad. The deceased, the last time he was seen alive, was walking on the railroad track; and was killed about nightfall at the entrance of what is called the "little cut," where there is no public crossing. He was clearly a trespasser on the right-of-way of the defendant. Persons in charge of a train are not required to anticipate wrongful intrusion on the track. They have a right to presume, and act on the presumption, that intelligent beings will leave it free and unobstructed for passing trains. The law does not impose any obligation to use special precaution against possible, but unanticipated, injuries to trespassers. A railroad company does not owe to an intruder the duty to keep a vigilant lookout for obstructions, when such lookout is only rendered necessary by his wrongful act. As there is no duty to anticipate wrongful acts in others, the omission to keep a vigilant lookout for trespassers, is not a failure in duty to such wrongdoers. Any person who enters and walks at places where the public have no right, unless by the invitation or license of the company, is a trespasser, and assumes the peril of the position in which he has voluntarily placed himself. These views are not intended to antagonize or impair the rule, that a failure to keep a lookout, when a train of cars is being moved within the limits of a town or city, or passing a public crossing, fixes the charge of negligence, as held in *Sav. & Mem. R. R. Co. v. Shearer*, 58 Ala. 672; *S. & N. R. R. Co. v. Sullivan*, 59 Ala. 272; and *S. & N. R. R. Co. v. Donovan*, 84 Ala. 141.

Under the circumstances of this case, the intoxication of the deceased does not exempt him from the consequences of his contributory negligence. His intoxication was unknown to the persons in charge of the train, and they had no rea-

son to anticipate that he was on the track in such condition. On the undisputed facts, the court should instruct the jury, that the contributory negligence of the deceased disentitles the plaintiff to recover, unless the defense is overcome by the failure of the defendant to perform a duty subsequently arising, and imposed by law.—*Mem. & Ch. R. R. Co. v. Copeland*, 61 Ala. 376; *Frazer v. S. & N. Ala. R. R. Co., supra;* 6 Amer. & Eng. R. R. Cases (n) 19.

From a regard for human life, the law imposes the duty of due precaution and reasonable effort to prevent unnecsary injury. Having said that there was no special obligation to discover the deceased, unless, it may be that the agents or employes of the defendant had information which should lead them to anticipate he was on the track, no special duty to him arises until he is discovered; and when discovered, if his intoxication was unknown, those in charge of the train had a right to presume that he would extricate himself from the danger of an impending collision. The nature and extent of the duty is, that no injury shall be produced by wanton, or reckless or intentional negligence. If, after the deceased was seen, and his peril discovered, or the train was in a position that those in charge ought to have discovered his peril—that is, if it would be manifest to a vigilant observer that he was unaware of his danger or unable to extricate himself—it became then their duty to use proper skill and diligence to make reasonable and necessary efforts to avoid injuring him. The omission to do so, when such injury might have been prevented by a prompt resort thereto, constitutes wanton, or reckless or intentional negligence. This rule, however, does not apply if, when the deceased and his peril were discovered, the train was so near, that preventive effort could not have availed to avert the catastrophe. *Frazer v. S. & N. Ala. R. R. Co., supra.* The inquiry in such case is, could the injury have been averted by the use of reasonable skill and diligence, after not only the deceased was seen on the track, but also his peril discovered?

It only remains to apply these principles to the aspects of the case presented by the tendencies of the evidence. The deceased was killed at a place where the track curves, and where he could not have been seen at as great a distance as on a straight track. The only reasonable inference is that he was lying down, either asleep, or insensible to danger from drunkenness. If the evidence of the engineer be believed, who is the only witness testifying to the immediate facts of the

[Memphis & Charleston R. R. Co. v. Womack, Adm'rx.]

accident, the deceased, at the place and in the position in which he had placed himself, could not have been seen until the train approached to within sixty or seventy feet of him. When the engineer first discovered some object on the track, which he could not have done sooner, the train could not have been stopped in time to prevent striking it, by the use of all the appliances at hand. If these be the facts, no skill and diligence, and no preventive effort could have averted the accident, and the defense of contributory negligence is not overcome. The court should so instruct the jury.

There is no error in excluding the verdict of the coroner's jury. By the marriage of the plaintiff during the pendency of the suit, she did not cease to be administratrix. Her mere marriage is not the proper subject of a plea against the further continuance of the suit. But, as her husband became administrator in the right of his wife, the suit should not be allowed to proceed in the name of the plaintiff, acquired by the marriage without joining her husband as co-plaintiff. Section 2602 of Code 1886 does not apply to such case.

Reversed and remanded.


STONE, C. J.—The authorities are in conflict on the question whether railroad officers owe any duty of watchfulness or care to trespassers on their track, at places other than cities, towns and public crossings. I think the spirit of our decisions lead to an affirmative answer to this inquiry. *Tanner v. L & N. R. R. Co.*, 60 Ala. 621; *S. & N. R. R. Co. v. Sullivan*, 59 Ala. 272; *Gothard v. A. G. S. R. R. Co.*, 67 Ala. 114; *Cook v. R. R. Co.*, 67 Ala. 533; *Frazer v. S. & N. R. R. Co.*, 81 Ala. 185. So, I think humanity and the known habits of the public impose the duty of ordinary care in such cases. I cannot agree to the rule declared by my brothers, but would be willing to hold that when a trespasser, under such circumstances, complains of an injury, the burden is on him to establish want of diligence on the part of those in charge of the train.