# Goodwin v. Central Railroad and Banking Co.

*Action for Damages against Railroad Company by Administrator of Person Killed.*

1. *Injury to trespasser on road-bed of railroad.*—The plaintiff's intestate was lying on the ground at a point where the defendant's track passes through a field in the country, with his body extending outward from the track between two projecting cross-ties, and his head resting on a cross-tie, close to the rail, on the left side of the track, looking in the direction in which the train was going. He was first discovered, when the engine was at a distance of about 180 feet, by the fireman, whose place was on that side. Every effort to stop the train was immediately made. The administrator sues to recover damages for the injuries resulting in the death of his intestate, who was struck by the train before it was stopped. *Held*, that the general affirmative charge in favor of the defendant was properly given.

APPEAL from the Circuit Court of Barbour.

Tried before the Hon. J. M. CARMICHAEL.

This action was brought by Ransom Godwin, as the administrator of the estate of Columbus Spurlock, deceased, against the Central Railroad & Banking Company of Georgia, to recover damages for personal injuries which caused

the death of the intestate. The defendant pleaded not guilty, and contributory negligence.

The evidence showed that on the morning of May 24, 1891, at a point where the defendant's railroad passes through a field in the country, and about 400 yards west of a point where the track crosses a public dirt-road, the plaintiff's intestate was lying on the defendant's road-bed, with his body extending outward from the track, and at right angles to it, between two projecting cross-ties, and his head resting on a cross-tie close to the outer side of the rail, when he was struck by the defendant's west bound passenger train, called the "Cannon Ball," and received injuries from which he died in a few days, never having recovered consciousness. A pint bottle about half full of whiskey was found on the person of the deceased. The evidence was conflicting as to the speed at which the train was moving. There was no contradiction of the testimony of the engineer and fireman as to the following facts : Spurlock was lying on the left side of the track, looking in the direction in which the train was going. The fireman's place in the cab was on that side. Just after the train crossed the dirt road, the fireman shoveled some coal into the furnace of the engine. As soon as he returned to his post on the left side of the engine, he discovered the object which turned out to be Spurlock's body. The engine was then about 180 feet from him. The fireman at once notified the engineer of the obstruction. The engineer immediately reversed the engine, put on brakes, and sanded the track; but before the train could be stopped, Spurlock was struck, and the engine and several cars passed the point where he was lying. The road, from the point where Spurlock's body was first seen by the fireman to the place where he was lying, was down-grade, and it was impossible for the train to be stopped in that distance, by the use of all the appliances in use upon well-equipped roads and by the use of all the means known to skillful engineers.

On the introduction of all the evidence, the court gave the following written charge requested by the defendant : "If the jury believe the evidence they must find their verdict for the defendant." This charge, which was duly excepted to, is now assigned as error by the plaintiff.

H. D. CLAYTON, for appellant.

ROQUEMORE, WHITE & McKENZIE, contra.

[Crass v. Memphis & Charleston R. R. Co.]

STONE C. J.—This case is precisely covered by several rulings of this court, the last of which is *Nave v. Ala. Gr. So. R. R. ante* p. 264, decided at the present term. *Glass v. Memphis & Charleston Railroad Co.* 94 Ala. 581; *Columbus & Western Railroad Co. v. Wood,* 84 Ala. 164; *Memphis & Charleston Railroad Co. v. Womack,* 84 Ala. 149.

On the authority of these cases, the judgment in this case must be

Affirmed.