# Birmingham Southern R. R. Co. v. Kendrick.

*Action for Damages for Injury to Passenger.*

(Decided May 14, 1908. 46 South. 588.)

1. *Railroads; Crossing Accident; Duty to Give Warning Signal; Warning to Licensee.*—A railroad company is not bound to give the statutory warning of the approach of trains to a licensee cross-

[Birmingham Southern R. R. Co. v. Kendrick.]

ing its tracks at a place used as a public crossing, though not such in fact; but owes him the duty of using due care and reasonable diligence to avoid injuring him after becoming conscious of his peril.

2. *Same; Negligence; Pleading; Sufficiency.*—A complaint alleging that the plaintiff was a mill employe; that one of defendant's railroad trains was left standing in the yards of the mill company to be loaded; that it was not defendant's custom to move cars so left there in the night time; that the mill employes were accustomed to travel through the yards both by day and by night, and that while plaintiff was attempting at night to pass between two of the cars by climbing over the drawheads thereof, he was injured in the foot by the cars being suddenly moved without warning with such force as to bring the drawheads together, though the train operative knew, or by the exercise of reasonable diligence, could have known that the mill employes were accustomed to pass between the cars, does not charge that defendant owed plaintiff any duty to do the thing the omission of which constituted the negligence charged, and hence, is not a count in simple negligence; nor does it charge that the defendant's servants knew that people frequently crossed at the point in question by climbing over the drawheads of the cars, and hence, it does not charge wanton or willful misconduct.

3. *Same.*—It not appearing that the cars were being moved across a public crossing, and for aught that appeared the cars might have been lying in the street parallel therewith, a complaint alleging that the cars were left on the street, was defective in not averring that plaintiff was injured at the intersection of the street with the track. Section 3440, Code 1896, requires warning to be given by trains only on approaching public crossings.

APPEAL from Birmingham City Court.

Heard before Hon. H. A. SHARPE.

Action by Ed Kendrick, by his next friend, against the Birmingham Southern Railroad Company for damages for injury received while crossing the track. From a judgment for plaintiff in the sum of $750, defendant appeals. Reversed and remanded.

The complaint consisted of three counts, as follows:

"(1) The plaintiff claims of the defendant $5,000 as damage, for that, heretofore, towit, on the 14th day of January, 1903, the defendant was engaged in the business of operating cars and engines in the county of Jefferson, in the state of Alabama, and on said 14th day of January, 1903, one of defendant's trains was left standing in the yards of the Bessemer Rolling Mill Company, within the corporate limits of the city of Bessemer, to

23 C

be loaded, and the plaintiff, who was then only 13 years of age, and who was one of the employes of the said Bessemer Rolling Mill Company, in passing along and over said yard in the nighttime, where the employes of the last named company were accustomed to travel both day and night in large numbers and at frequent intervals, and where they had the right to be, the plaintiff encountered said standing cars in said yard, which had been placed there to be loaded, and which obstructed his passage along and over said yard in the direction he was traveling, and which said cars he could not go around without considerable inconvenience; and the plaintiff knowing that the defendant was not in the habit of moving the cars put there to be loaded and standing in said yard during the nighttime, and having no reason to believe that the said cars would be moved, it being the custom of the defendant to move said cars during the daytime only, the plaintiff undertook to pass between said cars, and put his foot upon the drawheads that connected two of said cars to jump over, and while he was in that position, which he had occupied but a moment, the defendant's engine, with cars attached thereto in front, being operated by the defendant's employes, shoved the said cars attached to the said engine against said standing train, and shoved it with such force as to run the drawheads together between which the plaintiff had his foot, by reason whereof the plaintiff's foot was so badly crushed and so badly mangled that one of the toes had to be amputated, and his foot was split open, and he was permanently injured, and on account of said injuries the plaintiff suffered great physical and mental pain, and was unable to work for a long space of time, towit, two months, and he was put to much expense in the way of medicine, medical attention, and nursing, all to his damage $5,000 as aforesaid. Hence this suit. And plaintiff

avers that the persons in charge of said engine, which shoved said cars attached to said engine against said standing train, knew, or by the exercise of reasonable care would have known, that the employes of the Bessemer Rolling Mill Company, in going to and from their work, were accustomed at frequent intervals, both day and night, to pass between the standing cars which were left in said yard at night to be loaded, there being no other way to pass over said yard without considerable inconvenience, and said persons in charge of said engine knew, or by the exercise of reasonable care would have known, that moving said standing cars or shoving said cars together was liable to hurt some one of said Bessemer Rolling Mill Company's employes, unless they had notice that said standing cars were to be moved or shoved together; yet said persons in charge of said engine, although in duty bound to give warning of the approach of said engine and the cars thereto attached, negligently shoved said cars against said standing train with great force, causing the drawheads to close together upon the plaintiff's foot, without having given any warning of the approach of said engine and the cars thereto attached. And plaintiff avers that the said negligence of said persons in charge of said engine was the proximate cause of plaintiff's injuries."

(2) For the second count of the complaint the plaintiff adopts the language of the first count down to and including the words, "Hence this suit," and adds thereto the following: "And the plaintiff avers that the defendant's switch foreman, who had charge of the movements of said engine which shoved said cars attached to said engine against said standing train, knew, or by the exercise of reasonable care would have known, that the employes of the Bessemer Rolling Mill Company, in going to and from their work, were accustomed at frequent in-

tervals, both day and night, to pass between the standing cars which were left in said yard at night to be loaded, there being no other way to pass over said yard without considerable inconvenience, and said switch foreman, who had the control or the direction of the movements of said engine, knew, or by the exercise of reasonable care would have known, that moving said standing cars or shoving said cars together was liable to hurt some one of the said employes unless they had notice that said standing cars were to be moved or shoved together; yet said switch foreman, although in duty bound to give or to cause to be given warning of the approach of said engine, and the cars thereto attached, negligently allowed the cars attached to be shoved against said standing train with great force, without giving any warning of the apprach of the said engine and cars thereto attached. And the plaintiff avers that the said negligence of said switch foreman, in charge or control of the movements of said engine and the cars thereto attached, was the proximate cause of the plaintiff's injuries."

The fourth count is the same as the first count, except that it is alleged that the cars were left standing in the yards of the Bessemer Rolling Mill Company, and the word "street" is substituted for the word "yard" wherever it occurs in said first count. Otherwise the counts are exactly similar.

The demurrers to these counts raised the points discussed and decided in the opinion of the court, and it is not deemed necessary to set them out.

PERCY & BENNERS, and A. G. & E. D. SMITH, for appellant. Plaintiff, although a minor, was a trespasser. —*N. C. & St. L. R. R. v. Harris*, 142 Ala. 249; *Gadsden, etc. R. R. v. Julian*, 133 Ala. 371; *H. A. & B. R. R. v. Robbins*, 124 Ala. 113. Even if plaintiff had been cross-

ing the tracks at a point where people frequently crossed, the railroad owed him no duty except not to hurt him wantonly.—*L. & N. R. R. v. Mitchell,* 134 Ala. 261. Defendant would not be guilty of a wanton injury to plaintiff, unless its servants knew (not merely ought to have known) that plaintiff was between the cars.—*Nave v. A. G. S. R. R. Co.,* 96 Ala. 264; *Glass v. N. & C. R. R.,* 94 Ala. 581. The fact that a crossing is blocked will not justify one desiring to cross in climbing between the cars.—*Thomas v. Missouri, et. R. R.,* 93 Mo. App. 543. A boy eight years old finding a railroad crossing blocked, attempted to cross by getting on a standing "shanty" car, which, being struck by cars which were being switched, threw him to the ground and he was run over. Held : that plaintiff was a trespasser and could not recover.—*Hasting v. So. Railway,* 5 L. R. A. *New Series,* page 775 (C. C. A.)

B. McCreary, A. O. Lane, and Frank S. White & Son, for appellee. No brief came to the Reporter.

ANDERSON, J.—Conceding, without deciding, that the act of the plaintiff in climbing over the cars at the place designated in the complaint did not constitute him a trespasser, in the sense in which the term is usually understood, he was clearly in no better position to demand a greater degree of care from the defendant than if crossing the track in the ordinary way, instead of climbing over the drawheads of the cars. The crossing, set out in counts 1 and 2 of the complaint, is not a public crossing; but conceding, also, that it was so used as to constitute persons using the same for crossing the track licensees, instead of trespassers, this fact would not impose upon the railroad the duty of giving the statutory warning. "All that can be required of a railroad com•

pany, operating its trains over its own track under such circumstances, is to perform its duty in looking out for obstructions, and to use due care and reasonable diligence to avoid inflicting an injury to persons after becoming conscious of the peril. When the railroad has done this, it has discharged its duty to the person undertaking to cross its track at such crossing."—*A. G. S. R. R. v. Linn*, 103 Ala. 139, 15 South. 508; *Pratt Co. v. Davis*, 79 Ala. 308; *Tanner's Ex'r v. L. & N. R. R. Co.*, 60 Ala. 621.

Counts 1 and 2 do not charge simple negligence, in that they do not show that the defendant owed the plaintiff any duty to do the things the omission of which constitutes the negligence charged. Nor do said counts charge wanton or willful misconduct. Conceding that they charge a consciousness on the part of the servants operating the train of the fact that this was a populous crossing, and a knowledge on their part of the danger of running of cars at said point, the complaint does not charge that said servants were conscious of the fact that people frequently crossed at said point by climbing over the drawheads of the cars. People may have crossed there in great numbers; but it was not to be assumed, from this fact, that when said crossing was obstructed by defendant's cars that they would cross by climbing them. The trial court erred in not sustaining the demurrers to counts 1 and 2.

The fourth count avers that the cars were left upon a street, and which is doubtless a public highway; but it does not aver that the plaintiff was injured at the intersection of the street with defendant's track—that is, while attempting to cross over at a public crossing. The cars may have been lying in the street, parallel therewith, and there is nothing to show that they were moved across a public crossing. The statute requires the warn-

ing only upon approaching and going over public cross-
ings.   Section 3440 of the Civil Code of 1896.   Nor does
the complaint aver any other facts sufficient to require
the doing of the thing the omission of which constitutes
the negligence charged.   The complaint does not aver
any knowledge on the part of the defendant's servants
that people were in the custom and habit of crossing at
the point where plaintiff was injured by climbing upon
and over the cars or the drawheads of same.   The trial
court erred in not sustaining the demurrer to the fourth
count.

The judgment of the city court is reversed, and the
cause is remanded.

Reversed and remanded.

TYSON, C. J., and DOWDELL and McCLELLAN, JJ., con-
cur.