# Brown & Flowers *v.* Central of Georgia Ry. Co.

### Injury to Team on Track.

(Decided May 18, 1916. Rehearing denied June 30, 1916.
72 South. 366.)

1. **Railroads; Injury on Track; Subsequent Negligence.**—Where the action was against a railroad for killing animals at or near a track, and the complaint charged negligence generally, plaintiff can recover on proof of negligence subsequent to the actual discovery of a person or animal in a place of danger on or near the track.

2. **Same; Duty to Trespassers.**—A railroad company owes a trespasser no duty except to exercise reasonable care and diligence to avoid injuring him as soon as his peril becomes apparent.

3. **Same; Knowledge of Peril.**—The engineer in charge of the locomotive · must have actual knowlege of the peril of the situation of a person or thing on the track to charge the road with liability for consequent injuries.

4. **Same; Discovery; Duty.**—After the agent of the railroad discovered the wagon and mules on the track, it became the duty of the agent to use all means and appliances known to prudent and skillful locomotive engineers, to avoid injuring them, a duty not satisfied by ordinary diligence.

5. **Same; Diligence.**—The term "diligence" is a relative term when applied to the duty of a locomotive engineer to avoid injuring those whom he discovers to be in a perilous position on the track ahead of him, and what is due diligence must be determined by the circumstances of each case.

APPEAL from Houston Circuit Court.

Heard before Hon. H. A. PEARCE.

Action by Brown & Flowers against the Central of Georgia Railway Company. From a judgment for defendant, plaintiff appeals. Transferred from the Court of Appeals under section 6, pp. 449, Acts of April 18, 1911. Reversed and remanded.

Counts 3 and 4 allege that by reason of negligence or want of skill on the part of defendant's agent in the management and running of a locomotive, car, or train on a railroad in and through the city of Dothan, Ala., a locomotive and train of cars on said road ran over and killed one mule, the property of plaintiff. The defendants set up the general issue and contributory negligence on the part of the negro driver, as agent of plaintiff, who had charge and custody of the mule, in placing said mule in a place of danger, knowing that to do so would cause the injury.

The following charges were given for defendant:

(1) The court charges the jury that the track and right of way of defendant company, as disclosed by the evidence in this case, cannot be converted into a road for ordinary travel by teams, and when plaintiff's driver undertook to make such use of it, be became a trespasser.

(2) Trespassers on the track or premises of the defendant company have no legal right to the use of same, and, if they go upon such premises or track and place themselves in danger, the servants in charge of the train of defendant company owe them no higher duty than to use ordinary care and caution to avoid injuring them after their danger or peril is actually known to the servants in charge of said train.

(4) The court charges the jury that, before the defendant company could be liable in this case, it would have to be shown by evidence to the reasonable satisfaction of the jury that when

the team was driven into the jam between the track and the log ramp, and was thereby in a position of danger, the engineer must have actually known that the team was there and in a position of danger; and, if the team was struck by the engine without the engineer in charge of the train actually knowing that the team was in a position to be struck or injured, the plaintiff cannot recover in this case.

(5) The court charges the jury that, if the engineer in charge of the train was keeping a lookout for ordinary obstructions on the track and did not discover the peril or dangerous position of the team until it became too late to stop or check the train by the use of ordinary care and caution, if the injury occurred in this way, and the jury is reasonably satisfied that the injury did so occur, the plaintiff in this case cannot recover, and it would be the duty of the jury to return a verdict for the defendant.

It appeared from the evidence that there was a log ramp along the railroad, that the railroad was south of the dirt road, and the log ramp north of the dirt road, and the driving space between the railroad and the log ramp was just wide enough for a wagon to get through, and, when the train struck the team, the mules were being driven through that road between the ramp and the railroad. From the direction in which the train was coming, there was a curve about 100 yards from the ramp; but you could see from the curve to the ramp for at least 250 feet. There was testimony tending to show that the fireman was at the cab window of the engine, looking down the track toward where the mules were, and that there was no diminution in the speed of the train from the time it turned the curve until after it had struck the mules.

ESPY & FARMER, for appellant.   B. F. REID, for appellee.

THOMAS, J.—This court on former appeal held that under the evidence the inference of subsequent negligence was for the jury.—*Brown & Flowers v. C. of Ga. Ry. Co.,* 185 Ala. 659, 64 South. 581. The affirmative charge requested by defendant was properly refused on this trial. Both trials were had on counts 3 and 4, added by way of amendment, and in these counts there was no allegation of wanton, willful, or intentional wrong.

(1) Under a complainant charging negligence generally, the plaintiff may recover on proof of negligence subsequent to the

actual discovery of persons in a place of danger on or near the track.—*L. & N. R. R. Co. v. Lowe*, 158 Ala. 391, 48 South. 99; *Brown & Flowers v. C. of G. Ry. Co., supra; C. of G. Ry. Co. v. Foshee*, 125 Ala. 199, 217, 27 South. 1006).

(2) Charge 1, requested by the defendant, was properly given, under the issues and the evidence presented by this appeal.—*South. Ry. Co. v. Stewart*, 179 Ala. 304, 307, 60 South. 927; *Brown & Flowers v. C. of Ga. Ry. Co., supra; Ala., etc., Ry. Co. v. Godfrey*, 156 Ala. 202, 47 South. 185; *S. & W. R. R. Co. v. Meadors*, 95 Ala. 137, 10 South. 141. A railroad company owes to a trespasser no duty, except the exercise of reasonable care and diligence to avoid injuring him, as soon as his peril becomes apparent.—*South. Ry. Co. v. Stewart, supra; Haley v. K. C., M. & B. R. R. Co.*, 113 Ala. 640, 21 South. 357; *Brown & Flowers v. C. of Ga. Ry. Co., supra.*

(3) Defendant's agent in charge of the engine must have actual knowledge of the perilous situation. No error was committed in giving defendant's written charge No. 4.—*Glass v. M. & C. R. R. Co.*, 94 Ala. 588, 10 South. 215; *Ga. Pac. Co. v. Lee*, 92 Ala. 262, 271, 9 South. 230; *So. Ry. Co. v. Stewart, supra; L. & N. R. R. Co. v Abernathy*, 192 Ala 629, 69 South 59

(4) Defendant's given charges 2 and 5 were to the effect that after the discovery of the position of peril of plaintiff's driver and team on or near the railroad track, by the deefndant's agent in charge of the engine, defendant owed the plaintiff and the driver no higher duty than to use ordinary care and caution to avoid injuring them These charges were not in accord with the authority of this court, requiring that, after the discovery of such peril by the defendant's agents, the defendant must use all means and appliances, known to prudent and skillful engineers, to avoid injury.—*L. & N. R. R. Co. v. Young*, 153 Ala. 232, 45 South. 238, 6 L. R. A. (N. S.) 301; *Randle v. B. R. L. & P. Co.*, 158 Ala. 532, 48 South. 114; *Brown v. St. L. & S. F. R. R. Co*, 171 Ala. 311, 55 South. 107; *L. & N. R. R. Co. v. Abernathy, supra*, 69 South. 57.

In *Brown & Flowers v. C. of Ga. Ry. Co., supra*, this court said that: "Being a trespasser in taking the team to that place," assuming the dangerous character of the driveway, and knowledge thereof by both defendant's agent and plaintiff's agent, then plaintiff's agent "was guilty of initial contributory negligence, which conclusively answered the simple initial negligence charged

in the complaint, thus leaving upon defendant no duty except to use diligence in the avoidance of injury after the danger was actually known to its agent, and upon plaintiffs the burden of proving defendant's failure therein."

"Diligence" is defined in *Grant v. Moseley, Adm'r*, 29 Ala. 302, by Judge STONE, as follows: " 'Diligence,' when the law imposes it as a duty, implies that 'we shall do those things we ought to do, and leave undone those things we ought not to do.' It requires action, as well as forbearance to act."—*Randle v. B. R. L. & P. Co.*, 169 Ala. 314, 324, 53 South. 918.

(5) "Diligence" is a relative term, and what is due diligence must be determined by the circumstances of each case.—*The Farmer v. McCraw*, 26 Ala. 203, 72 Am. Dec. 718; *Carter v. Chambers*, 79 Ala. 223; *Prince v. Ala. State Fair*, 106 Ala. 340, 17 South. 449, 28 L. R. A. 716; *Walker v. Ala. T. & N. Ry.*, 194 Ala. 360, 70 South. 125, 127; *Eichel v. Sawyer* (C. C.) 44 Fed. 845; *Brand v. Sch. & T. R. Co.*, 8 Barb. (N. Y.) 368; *Lee v. C. R. I. & P. R. Co.*, 80 Iowa, 172, 45 N. W. 739; *Ennis v. Eden Co.*, 65 N. J. Law, 577, 48 Atl. 610; *Davis v. C., N. W. R. Co.*, 58 Wis. 646, 17 N. W. 406, 46 Am. Rep. 667; *Isabel v. H. & St. J. R. Co.*, 60 Mo. 475; *Nord-Deutscher Lloyd v. In. Co.*, 110 Fed. 420, 49 C. C. A. 1; *Heintz v. Cooper*, 104 Cal. 668, 38 Pac. 511; *Rue v. Quinn*, 137 Cal. 651, 66 Pac. 216, 70 Pac. 732.

Judge STONE declared that, in fixing the degree of diligence required of engineers in charge of trains, "ordinary diligence does not meet the reasonable requirements of such travel and transportation."—*Tanner, Ex'r, v. L. & N. R. R. Co.*, 60 Ala. 621, 643. The measure of such duty is variously expressed as follows: "Due care," "reasonable care," and diligence to avoid injury' (*Walker v. Ala. T. & N. Co., supra; South. Ry. Co. v. Stewart, supra; Bentley v. Ga. Pac. Ry. Co.*, 86 Ala. 485, 6 South. 37; *Cent. R. & B. Co. v. Vaughan*, 93 Ala. 209, 9 South. 468, 30 Am. St. Rep. 50; *Haley v. K. C., M. & B. R. R. Co.*, 113 Ala. 640, 649, 21 South. 357; *Randle v. B. R. L. & P. Co.*, 158 Ala. 532, 48 South. 114) ; reasonable care (*Weatherly v. N. C. & St. L. Ry.*, 166 Ala. 575, 51 South. 959; *Tanner's Case*, 60 Ala. 621) ; due care and reasonable diligence (*B. S. R. R. Co. v. Kendrick*, 155 Ala. 352, 46 South. 588) ; the use of "every reasonable means" and the employment of "every reasonable agency" to "avert the catastrophe" (*Pannell, Adm'x, v. N. F. & S. R. R. Co.*, 97 Ala. 298, 12 South. 236) ; the doing of no act, the omission of nothing

the doing or omission of which would tend to inflict injury (*Glass v. M. & C. R. R. Co.,* 94 Ala. 581, 10 South. 215; *South. Ry. Co. v. Bush,* 122 Ala. 470, 26 South. 168).

It follows that, for the error of the trial court in giving at defendant's request written charges 2 and 5, the judgment must be reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.