# Louisville & Nashville Railroad Co. *v.* Abernathy.

## *Injury to Person on Track.*

(Decided February 4, 1915.   Rehearing denied June 3, 1915.
69 South. 57.)

1. *Negligence; Subsequent; Pleading.*—Under a complaint alleging simple negligence, a recovery may be had for subsequent negligence.

2. *Pleading; Amendment; Subsequent Negligence.*—Under sections 5367-8, Code 1907, a complaint alleging simple negligence in injuries to plaintiff's son struck by a locomotive, may be amended to allege subsequent negligence.

3. *Same; Conclusion.*—A complaint alleging that the negligence consisted in the employee of defendant, after becoming aware of the peril of plaintiff's son, negligently failing to use all the means at their command to prevent the train running against plaintiff's son, and inflicting the injury, when by the use of those means, the injury might have been prevented, is not demurrable as not showing the facts of such negligence, but alleging conclusions only as to negligence.

4. *Railroads; Persons on Track; Last Clear Chance; Complaint.*— A complaint which seeks to recover on the ground that the employees of defendant were negligent after discovering the danger or peril of the person on the track, need not allege that the place was a public highway, or that plaintiff's son (the person injured) was lawfully there, or was crossing the track, or was not a trespasser.

5. *Same; Contributory Negligence.*—Contributory negligence of the parent in permitting the child to go upon the track is no defense to an action based on the negligence of the employees of defendant in running a locomotive against the child after having discovered his peril.

6. *Same; Evidence.*—The evidence examined and it is held that although there was no direct positive proof that the fireman was aware of the child's peril, yet the evidence was sufficient to carry to the jury the question of the negligence of the fireman of the defendant after discovering the peril of the son of the defndant on the track.

7. *Same.*—Where there is evidence warranting an inference of the negligence of the fireman of the defendant after discovering plaintiff's son on the track, recovery may be had therefor, although such evidence might also support an inference of willful injury.

8. *New Trial; Grounds; Surprise.*—Where no motion was made at the time for a continuance on the ground of surprise in the evidence, a motion for new trial on that ground will not be granted.

9. *Same; Newly Discovered.*—Where the motion was based on the ground that the verdict was against the weight of the evidence, affidavits as to newly discovered testimony cannot be considered.

10. *Railroads; Persons on Track; Instruction.*—Where there was some evidence that the child struck by the train was on a public highway crossing at the time, a charge asserting that it was not the duty of the servants of the defendant to keep a lookout for persons on the track, was properly refused.

11. *Same.*—Where there was evidence showing negligence of the fireman after discovering the child on the track, a charge asserting that if the child was on the track at a point other than a public crossing there could be no recovery was properly refused.

12. *Same.*—Where the evidence tended to show that at the time the child was struck he attempted to get hold of the engine pilot to save himself, a charge asserting that plaintiff could not recover if the child was trying to catch hold of the train, was properly refused.

13. *Same.*—Where there was evidence that the child was dragged some distance before he was actually injured, a charge conditioning defendant's liability on the fact that its fireman saw the child at the time of the injury, was properly refused.

14. *Same.*—Where the action was based on subsequent negligence, a charge conditioning recovery on the failure of defendant's fireman to do what an ordinarily prudent man would have done, instead of an ordinarily prudent fireman, was properly refused.

APPEAL from Chilton Circuit Court.

Heard before Hon. W. W. PEARSON.

Action by C. B. Abernathy against the Louisville & Nashville Railroad Company for damages for injuries to his minor child. Judgment for plaintiff, and defendant appeals. Affirmed.

Count 2, in brief, is: That in December, 1913, plaintiff's minor son under the age of seven years, while on the track of defendant's railroad, was run against by a train upon the track of said railroad and injured, in Chilton county. [Here follows catalogue of injuries.] Plaintiff avers that said injuries and damages to him were proximately caused by the negligence of servants or agents of defendant while acting within the line and scope of their authority and employment, which negligence consisted in this: Said servants or agents, after becoming aware of the peril of said minor son being run against by said train, negligently failed to use all the means at their command to avoid said train run-

ning against said minor son, and inflicting said injuries, when by the use of said means said train would have been prevented from running against plaintiff's said minor son, and inflicting said injuries.

The demurrers to the second count are as follows: No facts are averred showing in what the alleged negligence complained of consisted. The averments of negligence set out in the complaint are not statements of fact, but mere conclusions of the pleader. It is not averred that the point at which plaintiff's minor son was attempting to cross the track of the railroad was a public crossing, and that the defendant owed the plaintiff's minor son any duty, the violation of which constitutes negligence complained of. For aught that appears plaintiff's minor son was a trespasser at the time he sustained the injuries complained of, and for aught that appears in the complaint the defendants, at the time he sustained the injuries, owed him no duty, the violation of which constitutes the negligence complained of. For aught that appears in the complaint the minor son of plaintiff was a trespasser upon the track at the time he sustained the injury complained of, and for aught that appears in said complaint said injuries may have been sustained by the minor son of the plaintiff without any knowledge of the defendant, and without a violation on their part of any duty which they may have owed to said minor son of plaintiff. While it is averred in said complaint that the injuries complained of were caused by defendant's negligence in running the train of defendant against plaintiff's minor son, no facts are averred showing in what such negligence consisted. Because it is not alleged that the agents , servants, or employees who injured plaintiff's minor son were acting within the line and scope of their authority as such employees. Said complaint fails to

allege that plaintiff's minor son was lawfully upon the track of defendant. Said complaint fails to allege that plaintiff's minor son was injured while crossing the track of defendant.

The fourth plea is: That because at and before the time of the occurrence of injury mentioned in the complaint the child alleged to be injured was in the custody and control of plaintiff as its father, and plaintiff was so negligent in and about the care and control of such child at the time the alleged injury occurred that said negligence contributed proximately to said alleged injury of said child, in that at the time of said injury said minor son of plaintiff was attempting to catch hold of the train of defendant, and while so doing was thrown under said train and injured, and plaintiff had permitted said minor child to go on the track of defendant unprotected, said minor child being under five years of age; and that he (said plaintiff) permitted and allowed his said minor son to continue to go upon the track of defendant where trains were constantly passing, and that plaintiff's minor son was hurt and injured while he was trying to catch hold of a train of defendant, and without the negligence on the part of plaintiff said alleged injury would not have occurred.

The following charges were refused to defendant: (2) It was not the duty of defendant's servants or employees to keep a lookout while going through the village of Mountain Creek for persons on the track or tracks of defendant.

(3) If the evidence convinces you that plaintiff's minor son was hurt or injured on some place on defendant's track other than a public crossing, your verdict should be for defendant.

(4) You have no right to find a verdict for plaintiff if, at the time of the injury, plaintiff's minor son was

trying to catch hold of the train of defendant.

(6) If you are reasonably satisfied from the evidence that plaintiff's minor son was standing in the middle of the track of defendant, and the fireman who was in charge of the engine did not see him at the time that plaintiff's minor was injured, then you must find for defendant.

(7) If plaintiff's minor son was standing in the middle of the track of defendant when he was struck, then such minor was a trespasser upon the track of defendant; and, unless you are reasonably satisfied from the evidence that the agent, employee, or servant discovered the danger of plaintiff's minor child, and failed to do what a reasonable man would have done to have averted the injuries to plaintiff's minor child, then you must find for defendant.

GEORGE W. JONES, SMITH & GERALD, and POWELL & HAMILTON, for appellant.

MIDDLETON & REYNOLDS, and W. A. DENSON, for appellee.

GARDNER, J.—Suit by the father to recover damages for injuries sustained by his minor son as a result of the alleged negligent conduct of a servant or employee of appellant.

The original complaint consisted of one count for simple negligence, and, after the argument of the case had been concluded, the court permitted the complaint to be amended by adding count 2, which was for subsequent negligence, and by striking count 1, and this over the objection of the defendant (appellant here).

(1) Under our decisions, recovery could have been had for subsequent negligence upon the complaint as

originally framed.—*Alabama Great Southern R. R. Co. v. McWhorter,* 156 Ala. 269, 47 South. 84.

(2) In view of this, and also in the light of our liberal statute of amendment (sections 5367 and 5368 of the Code of 1907), there was clearly no error in allowing the amendment of the complaint as indicated.

(3, 4) Count 2 was not subject to any assignments of demurrer interposed thereto.—*B. R., L. & P. Co. v. Saxon, Adm.,* 179 Ala. 136, 59 South. 584.

(5) The demurrer to plea 4, pleaded as it was to a subsequent negligence count, was properly sustained. —*Johnson v. Birmingham Railway Co.,* 149 Ala. 529, 43 South. 33.

(6) It is insisted by counsel for appellant that the affirmative charge should have been given in its behalf, for the reason that the appellee based his right to recovery on subsequent negligence, and that in order to so recover it was necessary to show the one in charge of the engine had knowledge of the perilous condition of the child, and that such knowledge came to him in time for him to have averted the accident.

As we read the brief of counsel it seems to be the insistence that there must be affirmative and positive proof of such actual knowledge to entitle the plaintiff to recover. We do not so understand the rule. There was evidence offered on the part of the plaintiff tending to establish the following: That the child of the plaintiff, five years of age, was standing in the center of the track at or near the street crossing in the village of Mountain Creek, with his face turned towards the north, looking at an outgoing train; that the engine which it is claimed struck the child was a short distance behind him; that the engineer had gone to the station office, and that the fireman was in charge of the engine at the time of the accident; that the train was

also facing north; that the fireman started the engine
in motion, and continued to run the train when the boy
was caught and struck by the cowcatcher of the engine
and dragged down the track some little distance; that
there was no obstruction on the track to prevent the
fireman from seeing the boy; and that the fireman was
looking straight ahead down the track at the time.

In the case of *Southern Railway Co. v. Bush,* 122 Ala.
470, 26 South. 168, it is said: "While wantonness on
the part of the engineer cannot be predicated on the
mere fact that he ought to have seen the deceased on
the trestle, or on anything short of actual knowledge,
yet this actual knowledge need not be positively and
directly shown, but, like any other fact, may be proved
by showing circumstances from which the fact of actual
knowledge is a legitimate inference. Otherwise, in cases
of this character, this fact could never be proved ex-
cept by the testimony of the engineer himself. Certain-
ly, the facts that the road was straight for a long dis-
tance, the view of the track unobstructed, and the en-
gineer was in his seat looking ahead along the track,
and there was nothing to prevent him from seeing a per-
son on the track a few hundred feet ahead, are rele-
vant and admissible for the purpose of proving that
he did see such person, and may properly be submitted
to the jury on this issue; and while no presumption
arises from these facts that the engineer did see the
person on the track, yet this may be inferred from these
facts by the jury, whose province alone it is to decide
the weight to be given to facts legally in evidence and
their effect on an issue which they are admitted to
prove."

In the instant case, with proof tending to show that
the child of tender years was standing in the center
of the track, with his back to the approaching train,

looking at the outgoing train, when the fireman in charge of the engine which struck the child, looking straight ahead down the track with nothing to obstruct his view, at 2 o'clock in the afternoon, and with evidence tending to show that the train had been started not a great distance from the child and could have been stopped within a short space, and there was no whistle blown or bell rung, or other warning, we are of the opinion, as under the decisions of this court, the question of subsequent negligence was properly submitted for the determination of the jury.—*Southern Railway Co. v. Gullatt,* 158 Ala. 502, 48 South. 472; *Southern Railway Co. v. Forrister,* 158 Ala. 477, 48 South. 69; *Southern Railway Co. v. Gullatt,* 150 Ala. 320, 43 South. 577; *Johnson v. Birmingham Railway Co.,* 149 Ala. 529, 43 South. 33; *Carlisle v. Ala. Great Southern Railroad Co.,* 166 Ala. 591, 52 South. 341; *Southern Railway Co. v. Bush,* 122 Ala. 470, 26 South. 169; *Southern Railway Co. v. Sheldon,* 136 Ala. 191, 34 South. 194.

(7) It is insisted, however, that the evidence, if true, might be such as to warrant a recovery for wanton or willful injury, and that therefore we would not authorize a recovery under a count for simple negligence, citing *L. & N. R. R. Co. v. Perkins,* 152 Ala. 133, 44 South. 602. The facts in the authority just cited by counsel are entirely different from those presented by this record, and in the above case it is stated in the opinion that the testimony tended to show solely a willful or wanton wrong, and that the record was entirely silent as to any fact or inference warranting the conclusion that negligence approximately caused the death of the intestate.

In the instant case we are of the opinion, as previously stated, that the evidence was sufficient to be

submitted to the jury upon the question of subsequent
negligence, and the mere fact, if it be a fact (a ques-
tion not determined), that there may be a tendency
of the evidence which might also support a count for
wanton or willful injury clearly would not militate
against the right of recovery upon the subsequent neg-
ligence count.

(8) It is next insisted that a new trial should have
been granted appellant on account of newly discovered
evidence, and on account of the surprise at the trial of
the cause. Affidavits were offered upon a hearing of
this motion showing what is this newly discovered evi-
dence, and it appears that it was by way of contradic-
tion or impeachment only of the witness for plaintiff.
The insistence is made that counsel was surprised at
this testimony, for that by their efforts they had only
discovered one witness who claimed to have seen the
accident, and that this witness, Judge Hill by name,
had given a written statement to the law agent of the
appellant entirely at war with the testimony he gave
on the trial, and that as to the other witnesses, who
testified to having seen the accident, it had not learned
or had notice of such prior to their testimony. Upon
this question, therefore, it appears that this ground for
the motion for a new trial depends largely for its solu-
tion upon the question of surprise. The record does not
disclose that the appellant moved the court for a con-
tinuance or postponement of the trial, or brought the
question of surprise to the attention of the court, dur-
ing the trial of the cause, or asked that any advan-
tage be accorded it on account thereof. We are of the
opinion that appellant has not brought itself within the
rule well recognized in this state. In the case of *Simp-
son v. Golden,* 114 Ala. 336, 21 South. 990, it was said:
"The defendant having failed to move a continuance

or postponement, and proceeded voluntarily with the trial, he was in no position, after the case was decided against him, to ask for a new trial on the ground of such alleged surprise. Having speculated upon the chances of a favorable result upon the evidence then before the court and lost, he cannot now demand another trial that he may introduce other evidence not available to him on the first trial."

There was, therefore, no error in overruling the motion for a new trial on this ground.—*Simpson v. Golden, supra; Bayonne Knife Co. v. Umbenhauer,* 107 Ala. 496, 18 South. 175, 54 Am. St. Rep. 114; *McLeod v. Shelly Mfg. & Imp. Co.,* 108 Ala. 81, 19 South. 326; *McKissack v. McClendon,* 133 Ala. 558, 32 South. 486.

(9) It is further urged that a new trial should have been granted because the verdict was contrary to the evidence. The rule governing such questions has been oftentimes quoted from the familiar case of *Cobb v. Malone,* 92 Ala. 630, 9 South. 738, and upon the consideration of the evidence upon which this trial was had, and in the light of this rule, we are not prepared to say that the trial court should be reversed for refusing a new trial on this ground. Upon a consideration of this motion upon this ground the proof offered by affidavits, but which was no part of the testimony on which the trial was had, cannot, of course, be considered.

(10, 11) Charge 2 ignored that part of the evidence going to show that the injured person was at a public highway crossing, and charge 3 ignored that tendency of the evidence going to support subsequent negligence, and they were therefore properly refused.

(12) Charge 4 was properly refused, as there was evidence tending to show that at the time the child was

struck by the engine he wheeled and caught hold of the pilot of the engine in order to save himself.

(13) Charge 6 was properly refused, because it limited the liability to the fact of the child being seen by the fireman at the time of the infliction of the injury and ignored that part of the evidence tending to show that the child was dragged some distance above the crossing before he was actually injured.

(14) Charge 7 was properly refused, because it limited recovery to the failure of the fireman to do what a reasonably prudent man would have done.—*Brown v. St. L. & S. F. R. R. Co.*, 171 Ala. 310, 55 South. 107.

Finding no reversible error in the record, the judgment of the court below is accordingly affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.