(76 South. 912)

BROWN v. BROWN. (5 Div. 664.)

(Supreme Court of Alabama.    Nov. 29, 1917.)

1. NEW TRIAL ☞97—SURPRISE—MOTION FOR CONTINUANCE.

One to have a new trial on the ground of surprise must have moved at the trial for a continuance on account thereof.

2. NEW TRIAL ☞106 — NEWLY DISCOVERED EVIDENCE—COLLATERAL MATTER.

Evidence merely impeaching or contradicting evidence on a collateral matter, as the date of a storm, at the time of which witness stated plaintiff was born, does not justify awarding new trial as for newly discovered evidence in an action, the issue in which was whether plaintiff was under 21 years of age at her father's death.

Appeal from Circuit Court, Macon County; S. L. Brewer, Judge.

Action by Iola Brown against William Brown. From an order granting plaintiff a new trial, defendant appeals. Reversed and rendered.

R. H. Powell and A. B. Paine, both of Tuskegee, for appellant. Barnes & Brewer, of Opelika, for appellee.

McCLELLAN, J. Statutory ejectment. A verdict in favor of the defendant was set aside on the motion of the plaintiff, appellee. The controlling, single issue on the trial was whether the plaintiff was under 21 years of age at the death of her father on April 26, 1906, while residing on the land in question. The plaintiff asserted that the date of her birth was November 17, 1886, and brought evidence of an entry to that effect in the family Bible. The defendant introduced a witness, Woodall, who testified that plaintiff was born in 1884, soon after the occurrence of a storm in the neighborhood that blew down the witness' house, among others. After the trial the plaintiff investigated the date of the storm with particular reference to which the witness Woodall had fixed the date of the birth of the plaintiff, and discovered evidence that the storm thus referred to occurred in January, 1885, instead of, as Woodall testified, in the early part of the year 1884. It was in consequence of the development of this contradiction of the witness Woodall that the court granted the motion for a new trial.

[1] The basis of the motion was surprise, not newly discovered evidence. This is made plain by reference to the testimony of Woodall; to the theory pressed by the plaintiff; to the substance of the motion and the affidavits offered with it; and to the specific avowal in the plaintiff's own affidavit. The office of the matter recited in the affidavits, foreshadowed in the motion, was but to contradict an assertion of collateral happening whereby the witness affirmed that another event took place, viz. the birth of the plaintiff. The plaintiff's disadvantage was due to surprise. Where a litigant is subjected to surprise, it is his duty, if he would avert the possibility of prejudice to his rights, to move the court to stop the trial and continue the cause. He cannot speculate. Hoskins v. Hight, 95 Ala. 284, 286, 11 South. 253; L. & N. R. R. Co. v. Abernathy, 192 Ala. 629, 637–638, 69 South. 57. The plaintiff awaited the event of a verdict without moving the court to intervene so as to avert her prejudice by reason of this unanticipated reference to the occurrence and date of a great storm in that section; and she thereby forfeited any right to have the verdict annulled on that account.

[2] But, even if the true theory of the motion for new trial was that newly discovered evidence had been, seasonably and without

fault or lack of diligence on the plaintiff's part, discovered, the motion was due to be overruled because the matter recited in the motion and in the affidavits was not newly discovered evidence within the rule authorizing a trial court to award a new trial on that account. Evidence which merely impeaches or contradicts former evidence, on a collateral matter, as here, is not sufficient to justify a trial court in awarding a retrial on the ground of newly discovered evidence. 14 Ency. Pl. & Pr. p. 791; People v. Anthony, 56 Cal. 397, 399; 29 Cyc. pp. 918–921.

The court erred in granting the motion. The order and judgment to that effect is reversed, restoring the cause to the posture of a verdict and judgment for the defendant.

Reversed and rendered.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.