(78 South. 899)

CARAVELLA SHOE CO. v. HUBBARD.
(6 Div. 749.)

(Supreme Court of Alabama. April 11, 1918. Rehearing Denied May 9, 1918.)

1. MASTER AND SERVANT 256(3)—INJURIES TO SERVANT—COMPLAINT.

In a servant's action for injuries, the first count of the complaint stated defendant was engaged in the operation of an ice plant, that on a named date plaintiff was in its service, and while actively engaged in the performance of his duties as servant or employé was injured by being struck in the head, a catalogue of the injuries following. Negligence was then averred in the terms of Employers' Liability Act (Code 1907, § 3910) subd. 1, alleged to have consisted in that the apparatus or appliance for drawing blocks of ice from defendant's plant was defective. The second count adopted all of the first, and averred that plaintiff's injuries were caused by reason of the negligence of another in defendant's service, to whose orders plaintiff was bound to conform and did conform, and that the negligence consisted in that such other negligently ordered plaintiff to draw blocks of ice from the plant when he knew or should have known the work was dangerous and that plaintiff was unaccustomed to the work and unable to perform it without assistance, and such count further averred that the injuries resulted from plaintiff's having conformed to the orders of such

other servant. Held, that each count of the complaint stated a cause of action, though they could have been more specific in charging that plaintiff was engaged in or about the ice plant or the business connected therewith when injured, and were not subject to demurrer on the ground that the complaint failed to state a cause of action, failed to charge defendant with negligence, and showed contributory negligence.

2. EVIDENCE 471(17)—DESCRIPTION OF APPARATUS.

In such action, where plaintiff had been asked to describe the accident to the jury, and in so doing had to describe the apparatus for drawing blocks of ice from defendant's plant, his answer that there was no dog on the windlass was admissible, being simply descriptive of the apparatus, and it not requiring an expert to tell whether or not a dog was there.

3. TRIAL 56—EVIDENCE—REPETITION.

In such action, the second count of the complaint being under Employers' Liability Act (Code 1907, § 3910) subd. 3, and not subdivision 2, plaintiff was properly permitted to testify that it was his duty to obey the directions of another servant, whose negligence in ordering him to draw blocks of ice from the plant was alleged to have caused the injuries; the testimony, though a mere repetition of what the plaintiff had previously proved, going to the very gist of the second count of the complaint.

4. APPEAL AND ERROR 1048(6)—HARMLESS ERROR—REFUSAL TO PERMIT CROSS-EXAMINATION.

Defendant employer cannot complain on its appeal that it was not permitted to cross-examine the injured servant as to his reasons for making affidavit that he was over 21 years of age, he having testified that he was under 21; the affidavit that he was over 21 having been introduced to establish and having established the contradiction, which it was necessary for plaintiff, and not for defendant, to explain or reconcile.

5. TRIAL 234(3)—GENERAL CHARGE—FORM.

In a servant's action for injuries, defendant's requested charge that, if the jury believed the evidence, they would find for defendant on the first count of the complaint, intended as the general charge as to the first count, was bad in form and properly refused, even though defendant was entitled to the general charge if properly framed.

6. APPEAL AND ERROR 1005(4)—REVIEW—DENIAL OF MOTION FOR NEW TRIAL.

Despite Acts 1915, p. 722, the Supreme Court will not disturb the action of the trial court in refusing motion for new trial on the ground that the verdict was contrary to the weight of the evidence, where the trial was had upon evidence ore tenus, or partly so.

7. NEW TRIAL 104(1)—CUMULATIVE CHARACTER.

The denial of a motion for new trial because of newly discovered evidence, which was in effect merely cumulative, was proper.

Appeal from Circuit Court, Jefferson County; Romaine Boyd, Judge.

Action by Will Hubbard, pro ami, against the Caravella Shoe Company, for damages for personal injury while in its employment. From judgment for plaintiff, defendant appeals. Transferred from the Court of Appeals under section 6, Acts 1911, p. 449. Affirmed.

Count 1 of the complaint states that defendant was engaged in the operation of an ice plant for the manufacture of ice in Brookside, Jefferson county, Ala., and that

on a named date plaintiff was in the service and employment of defendant, and while actively engaged in the performance of his duties as said servant, agent, or employé, plaintiff was injured by being struck in the head. (Here follows catalogue of injuries.) The negligence is then averred in the terms of subdivision 1 of the Employers' Liability Act, and the negligence is alleged to have consisted in this, that the apparatus or appliance for drawing blocks of ice from defendant's plant were defective. The second count adopts all of the first, and avers that plaintiff's injuries were caused by reason of the negligence of one Joe Caravella, a person in the service or employment of defendant, to whose orders or directions plaintiff at the time of the injury was bound to conform and did conform, and that said negligence consisted in 'this, that said Joe Caravella negligently ordered plaintiff to draw blocks of ice from said plant when he knew or should have known that the work was dangerous, and that plaintiff was unaccustomed to said work, and that plaintiff was unable to perform said work without assistance, and plaintiff avers that his said injuries resulted from his having conformed to the orders of the said Joe Caravella. Demurrers were: (1) That the complaint failed to. state a cause of action; (2) fails to charge defendant with negligence; and (3) it appears therefrom that plaintiff was guilty of contributory negligence. Defendant's requested charge 3 is as follows:

If the jury believe the evidence, they will find for defendant on the first count of complaint.

C. B. Powell, of Birmingham, for appellant. Coleman & Coleman, of Birmingham, for appellee.

ANDERSON, C. J. [1] Each count of the complaint states a cause of action, and while good pleading might suggest that they could have been more specific in charging that the plaintiff was engaged in and about the ice plant, or in the business connected therewith, when injured, they were not subject to the demurrer interposed. The first and second grounds are most general, while the third is inapt.

[2] There was no error in not excluding the answer of the plaintiff as a witness that there was no dog on the windlass. He had been asked to describe the accident to the jury, and in doing so had to describe the machine and how it worked, and the statement that there was no dog on it was simply descriptive of the machine, and it did not require an expert to tell whether or not a dog was on the windlass. The witness did not say that the absence of the dog constituted a defect.

[3] The trial court will not be put in error for permitting the plaintiff. to testify that it was his duty to obey the directions of Joe Caravella. The second count is under the third subdivision of the Employers' Liability Act, and not the second, as appellant's counsel seems to think, judging from his argument. Moreover, the witness had several times previously testified without objection that Joe Caravella was his boss "and he was under his direction and had to do what he said do; that he was subject to his orders." While the question objected to sought a mere repetition of what the witness had previously proved, it went to the very gist of the second count of the complaint.

[4] The appellant cannot complain that it was not permitted to cross-examine the plaintiff as to his reasons for making the affidavit that he was over 21 years of age. He had testified that he was under 21, and the affidavit made by him that he was over 21 was introduced and established a contradiction, and it was up to the plaintiff, and not the defendant, to explain or reconcile the contradiction. Certainly the defendant cannot complain that it was not permitted to weaken the force and effect of the impeachment of the plaintiff.

[5] The trial court cannot be reversed for refusing the defendant's requested charge 3, intended as the general charge as to count 1. It was bad in form, even though the defendant may have been entitled to the general charge as to count 1, if properly framed. L. & N. R. R. Co. v. Sandlin, 125 Ala. 593, 28 South. 40; Bessemer Co. v. Tillman, 139 Ala. 464, 36 South. 40; Kress v. Lawrence, 158 Ala. 656, 47 South. 574.

[6, 7] If the jury · believed the plaintiff's evidence, they were authorized to find a verdict for him under the second count, and while he was contradicted by Joe and Tony Caravella, the jury saw and heard the witnesses, and under the rule laid down in Cobb v. Malone, 92 Ala. 630, 9 South. 738, which has often been followed, we will not disturb the action of the trial court in refusing the motion for a new trial upon the ground that the verdict was contrary to the weight of the evidence. The act of 1915 (page 722) does not change the rule declared in Cobb v. Malone, supra, where the trial was had upon evidence ore tenus or partly so. Hatfield v. Riley, 74 South. 380.[1] Nor will we reverse the trial court for refusing the motion because of newly discovered evidence, as it was, in effect, merely cumulative. All of the affidavits except that of Zeb Thompson, set up that the "affiants" had operated the windlass, and it was harmless and simple, and could be operated by a boy, etc. This fact was shown by the defendant's witness Rafe Caravella. As to the affidavit of Zeb Thompson, it did not necessarily contradict the plaintiff. He did not say that he had never operated the pulling machine; he said he had "never been instructed or shown how to draw ice." On the other hand, if said affidavit tended to contradict the defendant and show that he was familiar with the operation of the windlass, this was merely cumu-

[1] 199 Ala. 388.

lative of the testimony of the witness Tony Caravella, who stated, "Plaintiff saw the ice drawn many times when he was there."

The judgment of the circuit court is affirmed.

Affirmed.

McCLELLAN, SAYRE, and GARDNER, JJ., concur.