(85 South. 17)

GOODWIN v. AARON.   (6 Div. 996.)

(Supreme Court of Alabama.   Jan. 15, 1920.)

1. EVIDENCE ⊙⟞121(6)—ASSAULT HAVING OCCURRED IN DISPUTE OVER PROPERTY, EVIDENCE PLAINTIFF WAS CLAIMING THE PROPERTY WAS ADMISSIBLE.

In action for assault and battery committed in dispute over property rights, defendant's objection to question to plaintiff in his examination in chief as to whether he was claiming, at the time of the dispute, to own the property, which question plaintiff answered affirmatively, was properly overruled, as it was appropriate to give color and explanation, though not, in its very terms, of the res gestæ of the occurrence under inquiry.

2. ASSAULT AND BATTERY ⊙⟞32 — EVIDENCE AS TO RESULTANT MEDICAL EXPENSES ADMISSIBLE.

In assault and battery case, evidence as to the amount paid by plaintiff to a physician for treatment of his injuries, and testimony as to the customary charges of trained nurses, was admissible; plaintiff's complaint having claimed reasonable medical, hospital and nurse bills resulting from the assault.

3. APPEAL AND ERROR ⊙⟞1048(6) — EXCLUSION OF QUESTION ON REDIRECT EXAMINATION OF WITNESS HELD HARMLESS.

In assault and battery case, resulting from dispute over property rights, defendant was not prejudiced by sustaining objection to question asked his witness on redirect examination as to whether there was anything said at the time about taking possession of the property by force, he having given a full account of all that he recalled having been said by the parties, and no reference to force having been made by him.

4. APPEAL AND ERROR ⊛➝1050(1)—EVIDENCE ⊛➝77(1)—ADMISSION OF SUBPŒNA RECORD HELD HARMLESS, AND NOT WITHIN DOCTRINE FORBIDDING UNFAVORABLE INFERENCES FROM FAILURE TO PRODUCE WITNESS.

In assault and battery case, the admission of the clerk's subpœna record, showing that plaintiff had subpœnaes for certain witnesses, *held* not prejudicial to defendant; the admission thereof not falling within the doctrine forbidding the drawing of unfavorable inference or comment against a party for failing to produce a witness.

5. NEW TRIAL ⊛➝106 — PROPERLY DENIED WHERE SOLE GROUND WAS SURPRISE AND LATER DISCOVERED CONTRADICTING MATTER.

Defendant's motion for new trial was properly overruled where the sole ground averred was surprise and defendant's later discovered means of contradicting the testimony of a witness for plaintiff.

Appeal from Circuit Court, Walker County; T. L. Sowell, Judge.

Action by Monroe Aaron against P. O. Goodwin for damages for assault and battery. Judgment for plaintiff, and defendant appeals. Affirmed.

The assignments of error noted in the court's opinion are as follows:

(2) The trial court erred in permitting the plaintiff, over the objection of the defendant, to testify to the amount paid by him to his physician for treatment of his injuries.

(3) The trial court erred in permitting the plaintiff, over the objection of the defendant, to testify as to the customary charges of trained nurses.

(5) The trial court erred in permitting the plaintiff, over the objection of the defendant, to introduce in evidence the clerk's subpœna record to show that he had had subpœnas issued for Messrs. Davis, Lindsey, and McAdory.

L. D. Gray and A. F. Fite, both of Jasper, for appellant. Collateral matters cannot be inquired into. 135 Ala. 50, 33 South. 44; 126 Ala. 40, 28 South. 619. Evidence is not admissible, unless it tends to prove the issue. 30 Ala. 432; 144 Ala. 373, 39 South. 654; 1 Wall. 359, 17 L. Ed. 642. Particulars of a former difficulty are not admissible. 130 Ala. 35, 30 South. 429; 130 Ala. 66, 30 South. 413; 140 Ala. 29, 36 South. 1009. The subpœna record was not admissible. 134 Ala. 1, 32 South. 704; 151 Ala. 335, 43 South. 844. The new trial should have been granted. 100 Ala. 377, 14 South. 105.

Ray & Cooner, M. L. Leith, and J. H. Bankhead, Jr., all of Jasper, for appellant. No brief reached the Reporter.

McCLELLAN, J. The plaintiff (appellee) sued the defendant (appellant) for damages for an assault and battery committed by the latter upon the former. The appellant interposed a plea of recoupment, a cross-action, claiming damages consequent upon an assault and battery committed on the defendant by the plaintiff on the same occasion. The plaintiff was seriously wounded by pistol shots at the hands of the defendant; and the defendant was cut and bruised about the head by blows inflicted by plaintiff's use of a paper weight. The jury gave plaintiff the verdict in the sum of $8,000.

1. The plaintiff's testimony went to show that he, defendant, and one Mabry met at Mabry's office in Birmingham; that Mabry was a partner with plaintiff; that after he got into the office the defendant, talking at the time to Mabry (dictating, it later appeared), said, "We, the majority of the stockholders of the Goodwin Mining & Mercantile Company, do unanimously agree to go to Cordova and take charge of their property;" that thereupon plaintiff said to defendant: "Goodwin, you can't rob me that way;" that Goodwin made a demonstration as if to draw a pistol, and plaintiff advanced upon Goodwin, struck him with his fist and a paper weight, and forced him to the floor, where plaintiff secured a hold of defendant's pistol and was taking it away from defendant; that Mabry interfered, promised plaintiff safety, and induced plaintiff to let defendant up; and that when plaintiff had heeded Mabry's request, had yielded his advantage, and moved back about ten feet from defendant, defendant shot him several times.

[1] On the examination in chief of plaintiff this question was propounded:

"You speak of this property at Cordova, known as Goodwin Mining & Mercantile Company; were you claiming to own that property at the time?"

The defendant's objection was properly overruled. It was appropriate to give color and explanation, though not, in its very terms, of the res gestæ of the occurrence under inquiry. It served to disclose the real essence of the conflict arising when defendant is said to have made the quoted statement to Mabry and the plaintiff said to defendant that he would not be "robbed that way." The answer was in the affirmative.

[2] If the defendant was liable to the plaintiff, the plaintiff was entitled to recover such expenses, in medical, hospital, and nurse bills, reasonable in amount, as resulted from the wrong suffered. These elements of damage were claimed in some counts of the complaint; and the testimony of Dr. Sowell went to show the reasonableness of the sums paid for the particular services by the plaintiff. Assignments of error 2 and 3 are hence without merit.

[3] On the redirect examination of the defendant's witness Mabry he was asked this question, to which plaintiff's objection was sustained:

"I will ask you this: Mr. Bankhead asked you about this meeting in Birmingham, and about sending down there and taking charge of the mine. I will ask you if there was anything said about taking charge of the mine by force."

Even if it is assumed, for the occasion only, that this ruling was erroneous, it was without prejudice to defendant. This witness had been fully examined and cross-examined with respect to everything that was said and done in his office on this occasion. He had given a detailed statement of all that he recalled being said by the parties, and no reference to force was before made by him. There was nothing in the sentence that plaintiff testified was dictated or said by defendant to Mabry that indicated a purpose or design to use force in taking the property at Cordova. Furthermore, immediately succeeding the ruling on the quoted question, in substantial response to the question, Mabry testified as follows:

"What was said there about taking charge of the mine is practically just what I have said; the meeting was for the purpose of the Goodwin Mining & Mercantile Company taking charge and operating the mine there; that is about all; we discussed it pro and con; what was the best way to go about it, and the legality, and whose name the lease was in," etc.

[4] While it appears from the recitals of the bill of exceptions that the plaintiff "offered in evidence the clerk's subpœna record showing plaintiff had subpœnaed for James G. Davis, Mr. Lindsey, and Mr. McAdory," and that defendant's objection thereto was overruled, yet the "record" mentioned does not appear in the bill of exceptions. It is not shown with certainty by the bill of exceptions that this record was in fact admitted in evidence, especially in view of the omission from the bill of any reproduction thereof or any other reference thereto, in connection with the recital that "the foregoing was all the evidence on the trial of the cause." But, even if such record had been admitted, no possible prejudice to defendant is shown by the record to have resulted from it. The admission of this simple record did not fall within the doctrine of the cases (Bates v. Morris, 101 Ala. 282, 13 South. 138, among others) that forbid the drawing of unfavorable inference or comment against a party for failing to produce a witness. The fifth assignment is without merit.

[5] The remaining assignment is predicated of the action of the court in overruling the motion for new trial. The sole ground averred was surprise and defendant's later discovered means of contradicting the testimony of plaintiff's witness Powell. The motion was well overruled according to the au-thority of Brown v. Brown, 200 Ala. 554, 76 South. 912.

The judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.