**HARGETT et al. v. STATE.** (8 Div. 909.)

(Court of Appeals of Alabama. June 30, 1922.)

**1. Criminal law ⟨⟩823(2)—Error in charge held cured.**

In burglary prosecution, any error in an oral charge, in that it indicated the court's opinion that there was corroboration of a state's witness, and that the burglarized store was entered in a certain manner, *held* cured by the court later saying that the questions of corroboration and how the store was entered were for the jury.

**2. Criminal law ⟨⟩1169(1)—Admission of uncertified order appointing receiver in bankruptcy held harmless.**

In prosecution for burglary of a storehouse, where the ownership of the storehouse was laid in a bankruptcy receiver, and the undisputed evidence was that the storehouse and goods therein were in the possession of the receiver, the admission in evidence of the original order of the referee in bankruptcy appointing the receiver, without certification, was not ground for reversal, as the ownership of burglarized

property is properly laid in the person in possession.

**3. Criminal law ⊚⇒400(7)—Competent to prove possession of burglarized storehouse by oral testimony.**

In prosecution for burglary of a storehouse, it was competent for the state to prove by oral testimony, who was in possession of the storehouse.

**4. Criminal law ⊚⇒511(7)—Testimony of accomplice held corroborated.**

In prosecution for burglary of a storehouse, testimony that one of the defendants had said to witness, after the arrest, that one H. "had promised not to turn them up if he got caught, and he had promised not to turn him up if they got caught," coupled with a threat to make it hard on him by the two others and himself swearing against H., offering to furnish money for H. to leave the country, and the fact that near 11 o'clock at night on the night of the burglary said defendant and H. were seen in conversation near the scene of the crime, together with evidence of said defendant's flight at the time of his arrest and the constant association of the parties defendant, *held* sufficient corroboration of accomplice testimony, under Code 1907, § 7897.

**5. Burglary ⊚⇒38—Admission of evidence of tracks going in direction of place where plunder was found held not error.**

In prosecution for burglary of a storehouse, where the state's evidence tended to prove that a part of the goods taken from the storehouse were found hidden at a certain place in a trunk taken at the same time, and that two of the defendants had taken this trunk and gone in this direction about that time, it was not error to permit the state to prove that going across some plowed ground near the trunk there were two tracks going in the direction of the trunk; the evidence being admissible as a slight circumstance tending to connect defendants with the possession of the stolen goods.

Appeal from Circuit Court, Colbert County; C. P. Almon, Judge.

John Hargett and James Cochran were convicted of burglary, and appeal. Affirmed.

Simpson & Simpson, of Florence, for appellants.

The court was in error in its oral charge. 38 South. 104; 54 Ala. 265; 159 Ala. 29, 48 South. 858; 8 Ala. 210. The order of the Bankruptcy Court was not so authenticated as to be admissible. 17 Cyc. 305, 316, 317, 326. The accomplice was sufficiently corroborated. 138 Ala. 111, 35 South. 42, 100 Am. St. Rep. 26; 90 South. 35; 4 Ala. App. 90, 58 South. 685. Counsel discuss the evidence and the charges, but in view of the opinion it is not deemed necessary to here set it out.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

SAMFORD, J. The indictment was in six counts, charging the defendants with burglary and laying the possession of the storehouse in various parties. By given charges, counts 1, 2, 3, and 6 were eliminated, leaving counts 4 and 5. The fourth count laid the ownership of the storehouse alleged to have been burglarized in John W. Johnson, receiver of Cherokee Cash Store, a partnership composed of John F. Harris and W. C. Holesapple, and the fifth count in John W. Johnson as receiver, etc.

[1] At the conclusion of the court's oral charge defendants reserved exception to the following:

"There is not any controversy but that the store was gone into by prizing up or raising up the board and putting the hand in and unlocking the door and going in the store. If all four of the parties charged with the offense made an agreement to go in there, and then either of them went in there in pursuance of any agreed plan, they are guilty."

"He is corroborated by the fact that the defendants, three of the defendants, were seen coming to Tuscumbia together."

The court then said:

"I did not say that was a corroboration, gentlemen. I said the state offered that circumstance as a corroboration, and it is left for you to say whether the corroboration is a sufficient corroboration. I will withdraw from you, if I said anything about how the store was gone into, and leave it to your consideration, and amend that by saying that the state contends that the party who went into the store went into it by prizing off and slipping up that board over the hole where the glass was broken out, and reached his hand in through there and lifted the key out of the staple, that held the hasp over the staple, and went in that way, and come out and fastened it back. That is a question you should decide from the evidence, and if you are satisfied beyond a reasonable doubt that is the way they entered, that would be a sufficient breaking or entering under the statute to comprise burglary."

This correction by the court cured any error that otherwise might have been available to defendant.

[2] It is next insisted that the general charge should have been given for the defendants because the court, over the objection and exception of defendants, admitted in evidence the original order of Jere Murphy, referee in bankruptcy, appointing John W. Johnson receiver of the assets of the bankrupt firm, Cherokee Cash Store, a partnership, without due certification. Admit-

⊚⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

ting, without deciding, that the order of the referee in bankruptcy was not so certified as to be admissible in evidence, the evidence for the state, independently of the order offered, was without dispute that the storehouse and stock of goods contained therein was in the undisputed possession of John W. Johnson as receiver of the Cherokee Cash Store. This being true, we need not consider the legality of the original order of the bankrupt court as evidence. In a prosecution for burglary, the ownership of the property burglarized is properly laid in the person in possession. Peck v. State, 147 Ala. 100, 41 South. 759; Mathews v. State, 55 Ala. 65, 28 Am. Rep. 698.; Hale v. State, 122 Ala. 85, 26 South. 236.

[3] It was also competent for the state to prove by oral testimony who was in possession of the storehouse.

[4] The testimony of Ellis Narmore to the effect that Hargett had said to him, after the arrest, that "Hathcock had promised not to turn them up if he got caught, and he had promised not to turn him up if they got caught," coupled with a threat to make it hard on him, by the two others and himself swearing against Hathcock, offering to furnish money for Hathcock to leave the country, and the fact that near 11 o'clock at night on the night of the burglary Hargett and Hathcock were seen in conversation, near the scene of the crime, after everything was closed for the night, and lights all out, except the store lights in Holesapple & Hargett's store, together with the testimony of the officer making the arrest, tending to prove flight at the time of his arresting the defendant, besides the constant association of the parties defendant, were sufficient corroboration to meet the requirement of section 7897 of the Code 1907, requiring corroboration of the testimony of an accomplice in cases of felony.

[5] The evidence for the state tended to prove that a part of the goods taken from the storehouse, in a trunk taken at the same time, were found hidden under a "bluff" near the home of Jesse Haliburton, it was not prejudicial error for the court to permit the state to prove that, going across some plowed ground near the trunk, there were two tracks going in the direction of the trunk. It having been testified to that two of the defendants had taken this trunk and gone in this direction about that time, the evidence was admissible as a slight circumstance tending to connect the defendants with the possession of the stolen goods.

We find no error in the record, and the judgment is affirmed.

The former opinion in this case is withdrawn, the present opinion substituted, and the application for a rehearing is overruled.