## PIPKIN v. STATE. (4 Div. 61.)

(Court of Appeals of Alabama. Nov. 24, 1925.)

1. **Burglary** ⊚⇒22—**Ownership of building may be laid in one of several partners.**

In prosecution for burglary, allegation of ownership of the building in one of several partners is sufficient, in view of Code 1923, § 4542.

2. **Burglary** ⊚⇒22—**Possession and not ownership of building is material, in burglary charge.**

Burglary is an offense against possession, and an indictment for burglary should lay the ownership of the premises in the possessor, unless occupant is merely a servant; it being therefore immaterial in whom the title is.

3. **Criminal law** ⊚⇒552(1)—**Circumstantial evidence may support conviction.**

Evidence, though largely circumstantial, may be sufficient to justify conviction.

4. **Burglary** ⊚⇒45 — **Refusal of affirmative charge proper, where evidence conflicting.**

In prosecution for burglary, where the evidence was conflicting, refusal of affirmative charge held proper.

Appeal from Circuit Court, Barbour County; J. S. Williams, Judge.

Pete Pipkin was convicted of burglary, and he appeals. Affirmed.

Guy W. Winn, of Clayton, for appellant.

The indictment alleges that the building broken into was that of Clarence Capel. The evidence shows the building to have been owned by the Masonic Lodge, and the business conducted therein to have been owned by Capel & Green. There was, hence, a fatal variance. Davis v. State, 54 Ala. 88; Jackson v. State, 102 Ala. 167, 15 So. 344; Ward v. State, 50 Ala. 120; Beall v. State, 53 Ala. 460.

Harwell G. Davis, Atty. Gen., and Chas. H. Brown, Asst. Atty. Gen., for the State.

The ownership of the building set out in the indictment was properly laid in Capel, who was in possession. Mathews v. State, 55 Ala. 65, 28 Am. Rep. 698; Thomas v. State, 97 Ala. 3, 12 So. 409; Peck v. State, 147 Ala. 100, 41 So. 759. It is sufficient to allege ownership by one member of a partnership. White v. State, 72 Ala. 195; Smith v. State, 133 Ala. 145, 31 So. 806, 91 Am. St. Rep. 21; Williams v. State, 67 Ala. 183.

BRICKEN, P. J. [1, 2] The undisputed evidence in this case disclosed that the storehouse in question was burglarized by the raising of a window to the side room of the storehouse, and by cutting a hole in the wall separating the side room from the store proper. The fact that the ownership of said building was laid in Clarence Capel, one of the partners, is sufficient, for the statute expressly provides, when any property, upon or in relation to which the offense was committed, belongs to several partners or owners, it is sufficient to allege the ownership to be in any one or more of such partners or owners. Code 1923, § 4542; White v. State, 72 Ala. 195; Smith v. State, 133 Ala. 145, 31 So. 806, 91 Am. St. Rep. 21; Taylor v. State, 15 Ala. App. 72, 72 So. 557; Coplon v. State, 16 Ala. App. 39, 75 So. 184. Moreover, the offense of burglary is an offense against the possession, and the test for the purpose of determining in whom the ownership of the premises should be laid in an indictment is not the title to the building burglarized, but the occupancy or possession thereof at the time the offense was committed, unless, of course, the occupant is a servant only. In the case at bar the undisputed evidence is that the building in question was in the possession and occupied by Clarence Capel, the person named in the indictment. It is immaterial, therefore, who owned the building. We note, however, that the statement in the brief of appellant's counsel that the building was owned by the Masonic Lodge is not borne out by any proof adduced upon this trial. However, as stated, if the evidence did show that the building was owned by the Masonic Lodge (which it does not), this would be immaterial. Adams v. State, 13 Ala. App. 330, 69 So. 357. In that case this court said:

---

⊚⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

"In an indictment for burglary, the ownership of the premises should be laid, not in the holder of the legal title, but in him who had occupancy or possession when the offense was committed, unless the occupant was a mere servant, in which case it should be laid in the master."

See, also, Hale v. State, 122 Ala. 85, 26 So. 236.

[3, 4] The rulings of the court upon the testimony to which proper exceptions were reserved (or allowed) are wholly without error. While the evidence adduced against this defendant was largely circumstantial, the facts shown thereby were sufficiently incriminating against him to justify the jury in the verdict rendered. As the evidence was in conflict, the affirmative charge requested was refused without error.

The action of the court in overruling the motion for a new trial is not presented for review as the law requires.

There is no error apparent on the record. The judgment of conviction in the circuit court appealed from is affirmed.

Affirmed.