(117 So. 647)

**SHARP v. CLOPTON.**   (6 Div. 899.)

Supreme Court of Alabama.   June 28, 1928.

Fort, Beddow & Ray, of Birmingham, for appellant.

F. D. McArthur, of Birmingham, for appellee.

Brief did not reach the Reporter.

BROWN, J. ▉ The ruling of the circuit court denying the defendant the right to offer evidence of his general good character, as exculpatory of the charge that he was guilty of the fraud or criminal conspiracy on which the plaintiff's right of action rested, was in accord with the uniform decisions of this court. Drummond v. Drummond, 212 Ala. 242, 102 So. 112; Hancock v. Hullett, 203 Ala. 272, 82 So. 522; Ward and Thompson v. Herndon, 5 Port. 382; Jones on Ev. § 154.

▉ The case was submitted to the jury on the fifth count of the complaint and the plea of the general issue. Whether the action was barred by the statute of limitations was not within the issues; that defense must be specially pleaded. Sands' Adm'r v. Hammell, 108 Ala. 624, 18 So. 489; Code of 1923, § 9470.

▉ The testimony of the plaintiff that she received her property from her husband's estate was relevant to the averments of the complaint that "defendant knew that at the time plaintiff had recently lost her husband and had come into possession of a considerable sum of money," and the objection to this testimony was properly overruled.

▉ The questions made the basis of assignments of error 2, 3, and 4 called for testimony that was wholly immaterial, and the objections to these questions were properly sustained.

▉ On the question of prime importance— whether the defendant was one of the con- spirators to fleece the plaintiff of her money —the evidence was in sharp conflict, presenting a jury question. This warranted the refusal of the affirmative charge, and after due consideration, we are not able to say that the verdict was contrary to the great weight of the evidence. Cobb v. Malone & Collins, 92 Ala. 630, 9 So. 738.

▉ The effect of the alleged newly discovered evidence, if admissible at all, would be to contradict the testimony of the plaintiff on collateral matters, and was not such evidence as would justify the granting of a new trial. Brown v. Brown, 200 Ala. 554, 76 So. 912.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.