185 So. 373

## SLAUGHTER v. STATE.

### 4 Div. 14.

Supreme Court of Alabama.

Dec. 22, 1938.

Cope & Cope, of Union Springs, for appellant.

A. A. Carmichael, Atty. Gen., and John J. Haynes, Asst. Atty. Gen., for the State.

GARDNER, Justice.

The only question presented on this appeal relates to the action of the trial court in overruling the motion for a new trial for newly discovered evidence.

We are persuaded defendant has not met the burden resting upon him to show due diligence, a prime requisite to the granting of such a motion for new trial. 21 Alabama and Southern Digest, New Trial, ☞102, page 189. We have studied with care the evidence in the case, and considered same in connection with the affidavits presented at the hearing of the motion. While the trial of defendant followed in a short time his indictment for the offense, yet no objection was interposed and no appeal made for further time for trial. Indeed, so far as appears in this record a speedy trial met with defendant's approval.

The most material affidavits relate to proof of an alibi on defendant's part and as to the witness Olin Teal. But both defendant and Teal testified in the cause and gave no hint or indication whatever concerning any such proof now offered to be shown, though the State's evidence as to all details had been fully disclosed. As to such proof due diligence has not been shown, and a contrary conclusion would but encourage a defendant to speculate on the result of his trial. The affidavit of Duffey tends to impeachment of the testimony of State's witness Rhodes. The authorities generally recognize the rule that ordinarily such impeaching or contradicting testimony does not suffice for a new trial (46 Corpus Juris 280; Fries v. Acme White Lead & Color Works, 201 Ala. 613, 79 So. 45; Brown v. Brown, 200 Ala. 554, 76 So. 912; Goodwin v. Aaron, 203 Ala. 677, 85 So. 17; Southern Ry. Co. v. Wildman, 119 Ala. 565, 24 So. 764), though there are exceptional instances where such proffered proof may justify a reconsideration of the cause.

We enter into no detailed discussion, but are persuaded the instant case is not brought within the exception to the general rule.

In cases of this character much must be left to the sound discretion of the trial court. Stephens v. Pate, 221 Ala. 200, 128 So. 176.

Suffice it to say that our conclusion is the motion was properly denied.

We find no error in the record. Let the judgment stand affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.