22 So.2d 618

## LOWE v. STATE.

### 3 Div. 871.

Court of Appeals of Alabama.
June 26, 1945.

John A. Sankey and L. H. Walden, both of Montgomery, for appellant.

Wm. N. McQueen, Acting Atty. Gen., and MacDonald Gallion, Asst. Atty. Gen., for the State.

CARR, Judge.

The indictment in this case contains three counts, two charging burglary and one grand larceny. The verdict, "We, the jury, find the defendant guilty as charged in the indictment", states the finding of the jury.

We cannot accord merit to the insistence of appellant's counsel that the corpus delicti was not proven. The undisputed evidence discloses that the store house of Mr. Sam Stewart was entered by the displacement of some iron bars that formed a protection to a window of the building. A few hours later the means of ingress was discovered and the inside of the building was found disturbed and disordered, and many articles of merchandise were observed missing. Clearly, the corpus delicti was established by this proof. Ashmon v. State, 9 Ala.App. 29, 63 So. 754; Vaughn v. State, 24 Ala.App. 604, 139 So. 833.

When the State had concluded its evidence in chief, appellant moved for an exclusion of the testimony and a directed verdict in his behalf. The trial court overruled the motion. This urgency was based primarily on the position that the testimony of an admitted accomplice had not been sufficiently corroborated. Title 15, Section 307, Code 1940.

To intelligently discuss this inquiry it is appropriate that we give a summary of some of the evidence. Appellant's brother, Jasper Lowe, at the time of the alleged crime was living with the defendant. Within a few hours after the discovery of the offense the officers went to appellant's home and there found some of the articles that had been taken from the burglarized building. They also observed appellant's automobile parked nearby. On account of the serious illness of an inmate of the household, a thorough search was not attempted but some of the merchandise was located in the house and some in a potato bed in the yard. It was shown in evidence that some flour was missing from Mr. Stewart's store, and the officers testified that flour dust was observed in defendant's car, also on the ground nearby and leading up to his dwelling. Appellant assisted the officers in locating the stolen articles and claimed that his brother, Jasper, brought the goods there during the

night. Defendant disavowed any knowledge of the theft and disclaimed any participation in the crime. He testified that Jasper had not had the use of his car. Jasper was asleep in the house when the officers arrived, and his slumbers were not disturbed until shortly thereafter when he was arrested and taken to jail. After indictment, he entered a plea of guilty and at the time of the trial of the case at bar he was serving an imposed sentence at Kilby Prison. As a witness for the State in the *instant* case, Jasper testified that he, in concert with appellant and a negro man, burglarized Mr. Stewart's store, each personally participating in the accomplishment of the crime, and that appellant's automobile was used to convey the stolen articles. He testified also that while he was in the county jail awaiting indictment and trial appellant paid him $50 with the understanding that he would not give testimony implicating appellant in the commission of the burglary. According to the accomplice's testimony, the defendant appeared outside of his cell window and there had the conversation, and the money was conveyed through a hole in the window. This testimony found support in the evidence of Albert Goodwin. Albert, it seems, had also gotten into trouble and in jail, and was confined in a cell just above Jasper. There was a hole in the floor of Albert's cell room and through this conduit he would talk to Jasper and thus pass away many of the lonely hours. He also had the vantage of a window opening to the outside. Albert testified that it was through these media that he "overheard" the conversation and "oversaw" the delivery of the $50. In the language of the witness, appellant said to Jasper: "I will give you fifty dollars, Jasper, now if they don't bring up my name in this court, and I will give you fifty dollars more after they don't indict me, I will give you fifty dollars more." Jasper showed the two twenty dollar bills and the one ten dollar bill to Albert. This he could clearly see through the hole in the floor. The sheriff testified that Jasper gave him the money in exact denomination as described above, in exchange for a check in equal amount. The bills were introduced in evidence. It was also shown that Jasper was searched when he was placed in jail and the money was not found on him at the time. Drummond v. Drummond, 212 Ala. 242, 102 So. 112.

Unquestionably, the evidence of the admitted accomplice was direct and certain as to the guilty participation of the appellant. If this testimony is corroborated as the law demands, the motion to exclude the evidence was properly denied. In that event, by the same reasoning, the affirmative charge for defendant was correctly refused.

■ "Whether or not there was any evidence corroborating the accomplice witness, and tending to connect the defendant with the commission of the offense, was a question of law to be determined by the court; but its probative force and sufficiency, along with the testimony of the accomplice to establish the defendant's guilt beyond a reasonable doubt, were questions for the jury." Berry v. State, 231 Ala. 437, 165 So. 97, 99. See also, Tidwell v. State, 23 Ala.App. 409, 126 So. 186; Smith v. State, 230 Ala. 413, 161 So. 538; Brown et al. v. State, 31 Ala.App. 529, 19 So.2d 88.

■ "Corroborate", as applied to the present inquiry, means to strengthen. Its sufficiency is established if its probative value tends to connect the defendant with the commission of the crime. Smith v. State, supra.

■ We entertain the view that the evidence above set out clearly authorized the lower court to submit the case to the jury when considered, of course, in connection with all the other evidence in the case. It is not amiss to here observe that there was testimony which we have not hereinabove reviewed that afforded other incriminating tendencies against the appellant.

No advantage could be gained by an analysis of cases relating to the instant inquiry. Many have reached our appellate courts and each will be found to differ in factual similarity from the other. We cite a few authorities which lend support to our conclusion. English v. State, 14 Ala. App. 636, 72 So. 292; Lumpkin v. State, 68 Ala. 56; Norman v. State, 13 Ala.App. 337, 69 So. 362; Hargett v. State, 18 Ala. App. 616, 93 So. 207; Cheatwood v. State, 22 Ala.App. 165, 113 So. 482.

■ Appellant contends in brief ably urged by counsel that there is a variance in the allegation of ownership of the property in the indictment and the proof. We cannot accord merit to this insistence. The indictment lays the ownership of the store alleged to have been burglarized and the property alleged to have been stolen in Sam Stewart. The proof, without contrary in-

ferences, discloses that Mr. Stewart owned the business and, with the assistance of his wife and some other members of his family, operated it. The fact that Mrs. Stewart also ordered goods and signed checks for the purchase price did not destroy the value of the undisputed evidence that Mr. Stewart was in fact the owner of the business and was an active participant in its operation. We do not want to be here misunderstood as holding that in a prosecution for burglary the property must be laid in the owner and not the possessor. Hargett et al. v. State, supra; Hale v. State, 122 Ala. 85, 26 So. 236.

The evidence in the instant case sustains the conclusion that Mr. Stewart was not only the owner of the property burglarized but was also the possessor. If the evidence is susceptible of the construction that Mrs. Stewart was a partner with her husband in the business, this would not fortify the position of the appellant. Title 15, Section 245, Code 1940; Pipkin v. State, 21 Ala. App. 179, 106 So. 391; Chiles v. State, 23 Ala.App. 532, 128 So. 468.

The case of Wade et al. v. State, 14 Ala. App. 130, 72 So. 269, cited by counsel, is not in factual point. In the Wade case there was no proof that the property named in the indictment had ever been in possession of the alleged owner.

 The primary court overruled appellant's motion for a new trial. The ground of the motion to which our attention is directed in brief of counsel for appellant is based on a claim of newly discovered evidence. It appears that this is the only ground in the motion that merits comment. By the said attack, an effort is made to explain or show how Jasper Lowe came into the possession of the $50, which according to the testimony of the State on the main trial was delivered to him by appellant. On the hearing of the motion a witness was introduced who stated that he was placed in jail on a drunk charge and the next morning after his incarceration he discovered he had lost about $99. Jasper Lowe and W. E. Barrett were the only white prisoners in the jail at the time. Under the test of cross-examination the witness evidenced much doubt and uncertainty as to whether or not he in fact had this money when he was lodged in prison—and certainly only a surmise or suspicion that Jasper got it.

A motion for a new trial on the ground of newly discovered evidence can not avail unless it be shown, among other prerequisites, that the evidence newly discovered is not merely cumulative or contradictory of collateral matters introduced on the primary trial. Caravella Shoe Co. v. Hubbard, 201 Ala. 545, 78 So. 899; Brown v. Brown, 200 Ala. 554, 76 So. 912; Goodwin v. Aaron, 203 Ala. 677, 85 So. 17; Sharp v. Clopton, 218 Ala. 140, 117 So. 647.

It is fitting to here observe also that a motion for a new trial based on newly discovered evidence addresses itself largely to the sound discretion of the trial judge. Hopkins v. Harrison, 228 Ala. 180, 153 So. 255.

We will not disturb the judgment of the lower court in denying the motion.

Hereinabove we have discussed all questions presented by the record in this cause that had the attention of able counsel in brief. It appears in so doing we have treated all matters of meritorious value and of consequential import.

The judgment of the nisi prius court is, in our opinion, due to be affirmed. It is, therefore, so ordered.

Affirmed.